DECISION AND JOURNAL ENTRY
{¶ 1} Appellant, Timothy Cummings, appeals the decision of the Medina County Court of Common Pleas, which found him guilty of pandering obscenity involving a minor. This Court affirms.
 I. {¶ 2} The underlying action is a result of the discovery of twelve downloaded sexually explicit photographic images of juvenile females appearing on a computer located at a business in Medina, Ohio. The discovery was reported to the police. Pursuant to an investigation conducted by the Medina Police Department, it was discovered that appellant was responsible for downloading the photographs. On August 26, 2003, appellant voluntarily gave a written statement to police admitting that he had illegal images of "underage females."
 {¶ 3} On September 10, 2003, appellant was indicted by the Medina County Grand Jury for twelve counts of pandering obscenity involving a minor, a violation of R.C. 2907.321(A)(5). After initialing pleading not guilty, appellant changed his plea to no contest to eleven counts of pandering obscenity involving a minor.[1] The trial court accepted appellant's plea, found him guilty on all eleven counts, and referred the matter for a presentence investigation. On February 2, 2004, the trial court sentenced appellant to a prison term of fours years on each of the eleven counts and ordered the sentences to be served concurrently.
 {¶ 4} Appellant timely appealed, setting forth two assignments of error for review.
 II. FIRST ASSIGNMENT OF ERROR
"The trial court erred by entering a judgment of conviction and sentencing defendant on all eleven counts of pandering obscenity involving a minor, in violation of R.C. 2907.321(a)(5), where those eleven counts constituted allied offenses of similar import which were not committed separately or with separate animus."
 {¶ 5} In his first assignment of error, appellant argues that the trial court erred in convicting him on all eleven counts of pandering obscenity involving a minor because the eleven counts constituted allied offenses of similar import which were not committed separately or with separate animus. This Court disagrees.
 {¶ 6} R.C. 2941.25 provides, in relevant part:
 {¶ 7} "Where the same conduct by defendant can be construed to constitute two or more allied offenses of similar import, * * * the defendant may be convicted of only one.
 {¶ 8} "Where the defendant's conduct constitutes two or more offenses of dissimilar import, or where his conduct results in two or more offenses of the same or similar kind committedseparately or with a separate animus as to each, * * * the defendant may be convicted of all of them." (Emphasis added.) R.C. 2941.25(A) and (B).
 {¶ 9} In State v. Blankenship (1988), 38 Ohio St.3d 116,117, the Supreme Court of Ohio articulated how to apply R.C.2941.25. The Court reiterated this rule in State v. Rance
(1999), 85 Ohio St.3d 632, 636. This Court echoed the holdings inBlankenship and Rance in State v. Casto (Sept. 13, 2000), 9th Dist. No. 2977-M:
"In order to determine if two offenses are allied offenses of similar import, a two-part test is used. In the first step, the elements of the two crimes are compared. If the elements of the offenses correspond to such a degree that the commission of one crime will result in the commission of the other, the crimes are allied offenses of similar import and the court must then proceed to the second step. In the second step, the defendant's conduct
is reviewed to determine whether the defendant can be convicted of both offenses. If the court finds either that the crimes were committed separately or that there was a separate animus for each crime, the defendant may be convicted of both offenses. (Emphasis sic.) State v. Blankenship (1988), 38 Ohio St.3d 116, 117,526 N.E.2d 816. Under the first part of the analysis, `the statutorily defined elements of the offenses that are claimed to be of similar import are compared in the abstract.' (Emphasis sic.) State v. Rance (1999), 85 Ohio St.3d 632, 710 N.E.2d 699, paragraph one of the syllabus."
 {¶ 10} Applying the first prong of the Blankenship test, this Court finds that the eleven counts of pandering obscenity involving a minor in the present case are not allied offenses. While the elements of each of the eleven counts are the same, each of the counts constitutes a separate act. Appellant had in his possession eleven different obscene photographs involving under-aged females. The fact that appellant was in possession of one obscene photograph involving a minor does not mean that appellant possessed other obscene photographs of minors. Therefore, the offenses do not correspond to such a degree that the commission of one crime will result in the commission of the other, and they are not allied offenses of similar import. Appellant's first assignment of error is overruled.
 SECOND ASSIGNMENT OF ERROR
"The trial court erred by sentencing defendant to a prison term of four years."
 {¶ 11} In his second assignment of error, appellant argues that the trial court erred in sentencing him to a prison term of four years, rather than imposing community control sanctions. This Court disagrees.
 {¶ 12} This Court may not disturb a trial court's sentencing decision unless it finds by clear and convincing evidence that the sentence is not supported by the record or is contrary to law. State v. Neptune (Nov. 14, 2001), 9th Dist. No. 3171-M; R.C. 2953.08(G)(2). Clear and convincing evidence is that evidence "which will produce in the mind of the trier of facts a firm belief or conviction as to the facts sought to be established." Cross v. Ledford (1954), 161 Ohio St. 469, paragraph three of the syllabus.
 {¶ 13} Appellant was convicted of 11 counts of pandering obscenity involving a minor in violation of R.C. 2907.321(A)(5), felonies of the third degree. This Court discussed the factors that a sentencing court must consider when sentencing a defendant found guilty of a third degree felony in State v. Linscott
(Jan. 10, 2001), 9th Dist. Nos. 19947 and 20021:
"Because there is no presumption for or against imprisonment for a third degree felony, the sentencing court must determine whether the defendant should be imprisoned or sentenced to community control sanctions. Guidance is found in R.C.2929.13(C), which provides the sentencing court with discretion to impose a sentence of imprisonment or community control sanctions in accordance with the overriding purposes of sentencing: the protection of the public and the punishment of the offender. See R.C. 2929.11. To this end the sentencing court is to determine the relative seriousness of the offender's conduct, guided by the factors listed in R.C. 2929.12 (B) (C), and the likelihood that the offender will commit additional offenses, guided by the factors listed in R.C. 2929.12 (D) (E). R.C. 2929.12(A)."
 {¶ 14} In accordance with the overriding purposes of sentencing, the trial court found that the minimum prison sentence of one year was not an adequate punishment and would not adequately protect the public. The trial court clearly considered the appropriate factors in reaching its determination that a prison sentence was warranted in this case. Appellant has failed to show that the sentence imposed by the trial court was not supported by the record or was contrary to law.
 {¶ 15} The victims in the present case were minors. Appellant had previously been convicted of illegal use of a minor for nudity orientated material and given a community control sanction rather than a prison sentence. Appellant violated the terms of his community control and was given the opportunity to enter into a program. Appellant failed the program and was sentenced to prison. After being released from prison, appellant was on parole. Appellant violated parole and was sent back to prison. Appellant was put on post-release control, which he violated. Appellant was again placed on another parole program which he was on when the events leading to this appeal occurred.
 {¶ 16} Appellant's lengthy criminal record shows a pattern of being convicted, given probation, violating probation, being sentenced to prison, placed on parole, and violating parole. The parole officer who was monitoring appellant at the time of sentencing referred to appellant's adjustment to parole as "horrible," due to his numerous violations. Given the above, this Court finds that the sentence imposed by the trial court was supported by the record and was not contrary to law. Appellant's second assignment of error is overruled.
 III. {¶ 17} The decision of the Medina County Court of Common Pleas is affirmed.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Medina, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.
Costs taxed to appellant.
Exceptions.
Slaby, J., Boyle, J. Concur.
[1] One of the counts was dismissed by the State because two of the twelve photographic images were identical. The indictment was then amended to contain eleven counts of pandering obscenity involving a minor.