[Cite as *State v. Collier*, 2011-Ohio-2791.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
No. 95572

## STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

## DOUGLAS COLLIER

DEFENDANT-APPELLANT

## JUDGMENT:
## AFFIRMED

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-534548

**BEFORE:** Stewart, J., Blackmon, P.J., and Sweeney, J.

**RELEASED AND JOURNALIZED:** June 9, 2011

**ATTORNEY FOR APPELLANT**

Joseph C. Patituce
Patituce & Associates, LLC
26777 Lorain Road, Suite 503
North Olmsted, OH 44070


**ATTORNEYS FOR APPELLEE**

William D. Mason
Cuyahoga County Prosecutor

BY:   T. Allan Regas
         Francine B. Goldberg
Assistant County Prosecutors
The Justice Center
1200 Ontario Street, 8th Floor
Cleveland, OH    44113

MELODY J. STEWART, J.:

{¶ 1}  Defendant-appellant, Douglas Collier, appeals from his sentence entered on four counts of pandering sexually oriented matter involving a minor, one count of importuning, and one count of possession of criminal tools.  He claims that counsel was ineffective for failing to rebut arguments made in the state's sentencing memorandum; that counsel failed to request

that the court merge the four counts of pandering; and that the court erred by failing to justify the length of the sentence with reference to the sentencing guidelines contained in R.C. 2929.11 and .12.

I

{¶ 2} Collier first argues that defense counsel was ineffective for failing to respond to the state's sentencing memorandum or request an extension of time in which to file a response.

A

{¶ 3} A claim of ineffective assistance of counsel requires a defendant to show that (1) the performance of defense counsel was seriously flawed and deficient and (2) the result of the defendant's trial or legal proceeding would have been different had defense counsel provided proper representation. *Strickland v. Washington* (1984), 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674. This analysis requires two distinct lines of inquiry. First, we determine "whether there has been a substantial violation of any of defense counsel's essential duties to his client[.]" *State v. Bradley* (1989), 42 Ohio St.3d 136, 538 N.E.2d 373, paragraph two of the syllabus. When making this inquiry, we presume that licensed counsel has performed in an ethical and competent manner. *Vaughn v. Maxwell* (1965), 2 Ohio St.2d 299, 209 N.E.2d 164. Second, we determine whether "the defense was prejudiced by counsel's ineffectiveness." *Bradley*, 42 Ohio St.3d at paragraph two of the syllabus.

Prejudice requires a showing to a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. Id. at paragraph three of the syllabus.

B

{¶ 4} We are aware of no authority for the proposition that defense counsel must file a sentencing memorandum, nor has Collier offered precedent in support of that proposition. Crim.R. 32(A) requires the court, at the time of sentencing, to afford both defense counsel and the prosecuting attorney "an opportunity to speak." When a sentence is not mandatory, the right of allocution afforded by Crim.R. 32(A) serves to give the court information relevant to determining the appropriate sentence. *Defiance v. Cannon* (1990), 70 Ohio App.3d 821, 828, 592 N.E.2d 884. The manner in which defense counsel can "speak" on sentencing matters is undefined and left to the judgment of defense counsel as a matter of strategy. Some defense attorneys, when practicable, choose to submit a sentencing memorandum that permits a detailed argument on behalf of the defendant. But the filing of sentencing memoranda is the exception rather than the rule — the vast majority of defense attorneys choose to forego a sentencing memorandum and speak directly to the court at sentencing. It follows that there is no duty for defense counsel to file a sentencing memorandum, so Collier did not show that counsel violated an essential duty by not filing a sentencing

memorandum and choosing instead to address sentencing issues at the time of sentencing.

{¶ 5} Collier next complains that defense counsel should have requested a continuance to rebut the state's sentencing memorandum, filed on the day before sentencing.

{¶ 6} Reviewing courts are disinclined to second-guess matters of trial strategy, *State v. Tibbetts*, 92 Ohio St.3d 146, 166-67, 2001-Ohio-132, 749 N.E.2d 226, and defense counsel's decision to wait until sentencing to rebut arguments made in a sentencing memorandum falls within the realm of strategy. The question is whether defense counsel failed in an essential duty in the manner in which he tried to rebut or counter the state.

{¶ 7} In its sentencing memorandum, the state did not request a specific prison term, but argued that Collier's actions demonstrated the worst form of the offense and showed him to be a sexual predator. The memorandum detailed how Collier, an instructor at a local performing arts center, engaged in the long-term seduction of one of his minor students. According to the state, Collier formed a strong relationship with the student, taking him to dinner and driving him home from the arts center. The state claimed this relationship culminated with Collier claiming that he needed to prepare for a nude stage roll by offering the student cash to sit naked with him in a hotel room. Collier told the student that this would allow him to

adjust to being nude in front of others. In email exchanges with the student, Collier recognized that his actions were "dangerous" and told the student "you can't tell anyone lol! I could get prison for this." The student told his school guidance counselor, who in turn called the police. The police executed a search warrant on Collier's telephone and computer. In addition to finding images of child pornography depicting nude juveniles engaged in sexual acts, the police found 162 pictures of male genitalia and several videos depicting juveniles engaging in sexual activity. Collier's internet search history showed that he frequented a website catering to older men/young boy fantasies and that this website carried links to organizations like the North American Man-Boy Love Association ("NAMBLA") that specifically catered to older men seeking young boys.

{¶ 8} Defense counsel objected to the state's recitation of facts, particularly its characterization of Collier's actions as "scripted" and "planned." Defense counsel noted that apart from Collier's guilty plea to the charges, there were no facts in the record to prove any other assertion made in the state's sentencing memorandum, including Collier's alleged possession of photographs and video. Defense counsel noted that the state openly contradicted its theory that Collier was a predator focused on juveniles by pointing out that the website noted in the sentencing memorandum contained a disclaimer stating: "We do not solicit or post child pornography." Counsel

urged the court to look past the unsubstantiated claims made by the state and focus on only the offenses to which Collier pleaded guilty, noting that Collier was remorseful and that he had the support of family and friends who stood by him.

{¶ 9} Given the circumstances described, we have no basis for finding that defense counsel's response to the sentencing memorandum was so inept as to constitute the violation of an essential duty to Collier. Defense counsel strenuously argued that the sentencing memorandum contained unsupported facts. And it appears that he coordinated a letter-writing campaign for Collier, as evidenced by the court's statement to Collier that it "received a lot of letters on your behalf." Defense counsel noted that Collier suffered from alcohol dependency that fueled his "bad behavior." Finally, defense counsel told the court that Collier had been changed by his crimes and that the presentence investigation report showed that Collier was unlikely to reoffend.

{¶ 10} Collier does not say exactly how defense counsel should have responded in writing to the sentencing memorandum. The record shows that defense counsel competently represented Collier, making an argument at sentencing that directly addressed and countered assertions made in the state's sentencing memorandum. We thus have no basis for finding that a written response to the sentencing memorandum would have served any

useful purpose. Defense counsel did not violate an essential duty by failing to seek time in which to prepare a response to the sentencing memorandum.

C

{¶ 11} Collier next argues that defense counsel was ineffective for failing to ask the court to merge the sentences for the four counts of pandering obscenity involving a minor.

{¶ 12} The pandering sexually oriented matter involving a minor counts were charged under R.C. 2907.322(A)(5). That section states that no person, having knowledge of the material involved, shall knowingly possess any material that "shows a minor participating or engaging in sexual activity, masturbation, or bestiality[.]" The counts referred to four different digital images found on Collier's cell phone. In its sentencing memorandum, the state described the content of these images in terms that leave no doubt that these were four different images. This resulted in four separate violations of R.C. 2907.322(A)(5), so the counts do not merge. See *State v. Geddes*, 8th Dist. No. 91042, 2008-Ohio-6489, ¶23; *State v. Cummings*, 9th Dist. No. 04CA0009-M, 2004-Ohio-6535, ¶10. Collier, moreover has failed to offer anything in the record to rebut a finding that the images were separate and distinct, so he has failed to exemplify his claimed error. See App.R. 16(A)(7).

D

{¶ 13} Finally, Collier complains that defense counsel failed to raise the issue of proportionality of sentences at sentencing. He does not make a specific argument as to why his sentence is disproportionate to his conduct, but presumably believes that an eight-year sentence is excessively long in relation to his conduct.

{¶ 14} "The Eighth Amendment does not require strict proportionality between crime and sentence. Rather, it forbids only extreme sentences that are grossly disproportionate" to the crime. *State v. Weitbrecht* (1999), 86 Ohio St.3d 368, 373, 715 N.E.2d 167, quoting *Harmelin v. Michigan* (1991), 501 U.S. 957, 1001, 111 S.Ct. 2680, (Kennedy, J., concurring in part and in judgment).

{¶ 15} Claims of ineffective assistance of counsel based on a failure to object to the proportionality of a sentence are rarely, if ever, successful. *Ewing v. California* (2003), 538 U.S. 11, 21, 123 S.Ct. 1179, 155 L.Ed.2d 108 ("outside the context of capital punishment, successful challenges to the proportionality of particular sentences have been exceedingly rare.") This is because courts are vested with "full discretion" to impose a sentence within the applicable statutory range. *State v. Foster*, 109 Ohio St. 3d 1, 2006-Ohio-856, 845 N.E.2d 470, paragraph seven of the syllabus. The statutory range is established by the General Assembly, and any sentence falling within that range is presumptively valid.

{¶ 16} Collier makes no claim that the statutory range itself is invalid, so he is reduced to arguing that his sentence, which plainly falls within the statutory range, was so unreasonable that counsel was ineffective for failing to object to it. This means Collier must show that counsel's conduct fell below an objective standard of reasonableness and that but for counsel's error, there is a reasonable probability the sentence would have been different. See *Strickland v. Washington* (1984), 466 U.S. 668, 687-691, 104 S.Ct. 2052, 80 L.Ed.2d 674; *State v. Simmons*, 189 Ohio App.3d 532, 2010-Ohio-3412, 939 N.E.2d 869, ¶29; *State v. Gabel*, 8th Dist. No. 91788, 2009-Ohio-3735, ¶18.

{¶ 17} The court was presented with facts which suggested that Collier misused his position of trust and authority with the student to "groom" him for his sexual advances. Collier's emails importuning the student show that he knew he "could get prison for this" and that his proposition to the student was "a dangerous thing." Yet he proceeded to act despite this risk. The court could view this conduct, along with evidence that Collier possessed obscene pictures of juveniles, as showing a broader pattern of predation. Collier's work at the performing arts center primarily involved working with minors, and evidence that he visited websites featuring older men/younger boys showed that he had more than a passing interest in minors.

{¶ 18} As previously noted, defense counsel rebutted many of the assertions made in the state's sentencing memorandum. Defense counsel apparently solicited a number of statements by friends and family vouching for Collier's character. Finally, defense counsel argued that Collier's actions were fueled by alcohol and his own victimization of abuse as a child and that Collier had deep remorse for his conduct.

{¶ 19} Given these facts presented at sentencing, we cannot conclude that any argument offered by counsel on the proportionality of maximum, consecutive sentences would have affected the sentence imposed by the court. The court found that Collier "literally sought out a vulnerable child and consciously manipulated that child for [his] own enjoyment." The court also found that Collier failed to accept the consequences of his actions, particularly since Collier must have known that there were no circumstances under which he would have been justified "to ask a child to get nude with [him] period." We simply cannot say that anything defense counsel might have argued on the proportionality of sentences would have made the least impact on the court's determination to punish Collier. Collier thus fails to show that there is a reasonable probability that counsel's objection to the proportionality of the sentence would have impacted the court's sentencing discretion in any way. No ineffective assistance of counsel has been shown.

II

{¶ 20} In his second assignment of error, Collier complains that the court failed to make statutory findings to justify maximum, consecutive sentences, arguing that the decision in *State v. Foster*, 109 Ohio St.3d 1, 2006-Ohio-856, 845 N.E.2d 470, rejecting outlawing the fact-finding mandated by former R.C. 2929.14(E)(4) had effectively been overruled by the United States Supreme Court in *Oregon v. Ice* (2009), 555 U.S. 160, 129 S.Ct. 711, 172 L.Ed.2d 517.

{¶ 21} We reject this argument on authority of *State v. Hodge*, 128 Ohio St.3d 1, 2010-Ohio-6320, 941 N.E.2d 768, in which the Ohio Supreme Court held that *Ice* does not revive R.C. 2929.14(E)(4). Id. at paragraph two of the syllabus.

Judgment affirmed.

It is ordered that appellee recover of appellant its costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the Cuyahoga County Court of Common Pleas to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____

MELODY J. STEWART, JUDGE

PATRICIA ANN BLACKMON, P.J., and
JAMES J. SWEENEY, J., CONCUR