[Cite as *State v. Beverly*, 2019-Ohio-1282.]

# IN THE COURT OF APPEALS OF OHIO
## THIRD APPELLATE DISTRICT
## LOGAN COUNTY

STATE OF OHIO,

      PLAINTIFF-APPELLEE,                 CASE NO.  8-18-53

      v.

TONY L. BEVERLY,                     O P I N I O N

      DEFENDANT-APPELLANT.

Appeal from Logan County Common Pleas Court
Trial Court No. CR 18 06 0165

**Judgment Affirmed**

Date of Decision:    April 8, 2019

APPEARANCES:

    *Samantha L. Berkhofer* for Appellant

    *Eric C. Stewart* for Appellee

**PRESTON, J.**

{**¶1**} Defendant-appellant, Tony L. Beverly ("Beverly"), appeals the September 19, 2018 judgment of sentence of the Logan County Court of Common Pleas. For the reasons that follow, we affirm.

{**¶2**} On May 22, 2018, Beverly and a juvenile acquaintance stole two packs of cigarettes and a package of candy from a tractor in West Mansfield, Ohio. (Doc. No. 25). That same day, Beverly and the juvenile associate broke into a camper in West Mansfield and stole two 24-pack cases of beer and two large bottles of vodka. (*Id.*); (Aug. 17, 2018 Tr. at 12). Then, on May 23, 2018, Beverly and two juvenile confederates entered a home in West Mansfield and stole a soft drink, four cell phones, a cell phone charger, and a wallet. (Doc. No. 25); (Aug. 17, 2018 Tr. at 12).

{**¶3**} On June 12, 2018, the Logan County Grand Jury indicted Beverly on five counts: Count One of burglary in violation of R.C. 2911.12(A)(2), (D), a second-degree felony; Counts Two and Four of petty theft in violation of R.C. 2913.02(A)(1), (B)(2), first-degree misdemeanors; Count Three of breaking and entering in violation of R.C. 2911.13(A), (C), a fifth-degree felony; and Count Five of contributing to unruliness or delinquency of a child in violation of R.C. 2919.24(B)(1), (C), a first-degree misdemeanor. (Doc. No. 4). On June 15, 2018,

Beverly appeared for arraignment and entered pleas of not guilty to the counts of the indictment. (Doc. No. 13).

{¶4} A change of plea hearing was held on August 17, 2018. (Doc. Nos. 50, 53); (Aug. 17, 2018 Tr. at 1-3). At the hearing, the State moved to amend Count One of the indictment from second-degree felony burglary to third-degree felony burglary, and the trial court subsequently granted the State's motion. (*See* Doc. No. 53). Thereafter, Beverly, pursuant to a negotiated plea agreement, withdrew his pleas of not guilty and pleaded guilty to amended Count One and Counts Two, Three, and Four of the indictment. (Aug. 17, 2018 Tr. at 18-19); (Doc. No. 53). In exchange, the State agreed to recommend dismissal of Count Five of the indictment. (Aug. 17, 2018 Tr. at 4, 19); (Doc. No. 53). The trial court then accepted Beverly's guilty pleas, found him guilty, and ordered a presentence investigation. (Doc. No. 53). The trial court also dismissed Count Five of the indictment. (*Id.*). The trial court filed its judgment entry of conviction on August 28, 2018. (*Id.*).

{¶5} On September 18, 2018, the trial court sentenced Beverly to 30 months in prison on amended Count One and 12 months in prison on Count Three. (Doc. No. 55). The trial court ordered that the sentences for Counts One and Three be

served consecutively for an aggregate term of 42 months' imprisonment.[1] (*Id.*). The trial court did not sentence Beverly to jail terms for Counts Two and Four. (*Id.*). The trial court filed its judgment entry of sentence on September 19, 2018. (*Id.*).

{¶6} Beverly filed his notice of appeal on October 10, 2018. (Doc. No. 63). He raises one assignment of error.

### Assignment of Error

**Whether the trial court abused its discretion by sentencing Defendant, who was a first time offender, to a maximum sentence?**

{¶7} In his assignment of error, Beverly argues that the trial court erred by sentencing him to an aggregate term of 42 months' imprisonment for Counts One and Three. Specifically, Beverly argues that "the maximum consecutive sentences given to him is [sic] not proportional to the charges as a first time adult felon." (Appellant's Brief at 4). In addition, Beverly argues that the "Court looked over the need for rehabilitation that even the State was willing to risk on [him]." (*Id.*). He contends that a "maximum sentence" is inappropriate because his crimes do not constitute the "worst forms" of the offenses. (*Id.* at 3).

---

[1] At the time of sentencing, Beverly had also been indicted for a single count of breaking and entering in violation of R.C. 2911.13(A), a fifth-degree felony, in Logan County case number CR 18-04-0131. (*See* Doc. No. 55). In that case, Beverly was sentenced to 12 months in prison. (*See id.*); (Appellee's Brief, Appx. at 1). The trial court ordered that Beverly's aggregate 42-month sentence in this case, CR 18-06-0165, be served consecutively to his sentence in case number CR 18-04-0131, resulting in a total term of 54 months' imprisonment. (Doc. No. 55). However, Beverly's notice of appeal was filed only in case number CR 18-06-0165 and he did not attach a copy of the judgment entry of sentence from case number CR 18-04-0131. (*See* Doc. No. 63). Thus, for purposes of this appeal, Beverly is challenging neither his 12-month sentence in case number CR 18-04-0131 nor the fact that his sentence in case number CR 18-04-0131 is to be served consecutively to his 42-month sentence in this case.

**{¶8}** Under R.C. 2953.08(G)(2), an appellate court will reverse a sentence "only if it determines by clear and convincing evidence that the record does not support the trial court's findings under relevant statutes or that the sentence is otherwise contrary to law." *State v. Marcum*, 146 Ohio St.3d 516, 2016-Ohio-1002, ¶ 1. Clear and convincing evidence is that "'which will produce in the mind of the trier of facts a firm belief or conviction as to the facts sought to be established.'" *Id.* at ¶ 22, quoting *Cross v. Ledford*, 161 Ohio St. 469 (1954), paragraph three of the syllabus.

**{¶9}** "'Trial courts have full discretion to impose any sentence within the statutory range.'" *State v. Smith*, 3d Dist. Seneca No. 13-15-17, 2015-Ohio-4225, ¶ 9, quoting *State v. Noble*, 3d Dist. Logan No. 8-14-06, 2014-Ohio-5485, ¶ 9, citing *State v. Saldana*, 3d Dist. Putnam No. 12-12-09, 2013-Ohio-1122, ¶ 20. As a third-degree felony, burglary carries a sanction of 9 to 36 months' imprisonment. R.C. 2911.12(A)(3), (D); R.C. 2929.13(C) (Oct. 17, 2017) (current version at R.C. 2929.13(C) (Mar. 22, 2019)); R.C. 2929.14(A)(3)(b) (Oct. 17, 2017) (current version at R.C. 2929.14(A)(3)(b) (Mar. 22, 2019)). As a fifth-degree felony, breaking and entering carries a sanction of 6 to 12 months' imprisonment. R.C. 2911.13(A), (C); R.C. 2929.13(B)(1)(b)(xi) (Oct. 17, 2017) (current version at R.C. 2929.13(B)(1)(b)(xi) (Mar. 22, 2019)); R.C. 2929.14(A)(5) (Oct. 17, 2017) (current version at R.C. 2929.14(A)(5) (Mar. 22, 2019)).

{**¶10**} The trial court sentenced Beverly to 30 months in prison on the burglary offense and 12 months in prison on the breaking and entering offense. Thus, Beverly's sentences fall squarely within their statutory ranges. "'[A] sentence imposed within the statutory range is "presumptively valid" if the [trial] court considered applicable sentencing factors.'" *State v. Nienberg*, 3d Dist. Putnam Nos. 12-16-15 and 12-16-16, 2017-Ohio-2920, ¶ 10, quoting *State v. Maggette*, 3d Dist. Seneca No. 13-16-06, 2016-Ohio-5554, ¶ 31, quoting *State v. Collier*, 8th Dist. Cuyahoga No. 95572, 2011-Ohio-2791, ¶ 15.

{**¶11**} "R.C. 2929.11 provides, in pertinent part, that the 'overriding purposes of felony sentencing are to protect the public from future crime and to punish the offender.'" *Smith* at ¶ 10, quoting R.C. 2929.11(A) (Sept. 30, 2011) (current version at R.C. 2929.11(A) (Oct. 29, 2018)). "In advancing these purposes, sentencing courts are instructed to 'consider the need for incapacitating the offender, deterring the offender and others from future crime, rehabilitating the offender, and making restitution to the victim of the offense, the public, or both.'" *Id.*, quoting R.C. 2929.11(A) (Sept. 30, 2011) (current version at R.C. 2929.11(A) (Oct. 29, 2018)). "Meanwhile, R.C. 2929.11(B) states that felony sentences must be 'commensurate with and not demeaning to the seriousness of the offender's conduct and its impact upon the victim' and also be consistent with sentences imposed in similar cases." *Id.*, quoting R.C. 2929.11(B) (Sept. 30, 2011) (current version at R.C. 2929.11(B)

(Oct. 29, 2018)). "In accordance with these principles, the trial court must consider the factors set forth in R.C. 2929.12(B)-(E) relating to the seriousness of the offender's conduct and the likelihood of the offender's recidivism." *Id.*, citing R.C. 2929.12(A).

**{¶12}** Here, it is clear from the record that the trial court sentenced Beverly after considering the purposes of felony sentencing set forth in R.C. 2929.11(A) and the R.C. 2929.12(B)-(F) factors relevant to the seriousness of Beverly's offenses, the likelihood that he would recidivate, and his service in the armed forces, if any. At the sentencing hearing, the trial court advised Beverly that the "criminal justice system" is designed to "punish [him] for [his] behavior," "rehabilitate [him]," "deter * * * [him] [from] engaging in these practices in the future, and * * * deter others who may be similarly situated," and "protect the public if the Court deems [that] protection of the public is appropriate." (Sept. 18, 2018 Tr. at 10-11). (*See* Sept. 18, 2018 Tr. at 14). Hence, the trial court considered the purposes and principles of felony sentencing as expressed in R.C. 2929.11(A). (*See* Doc. No. 55). In addition, the trial court reviewed the presentence investigation report ("PSI") and noted that Beverly has an extensive juvenile record, that efforts to rehabilitate Beverly while he was a still a minor proved fruitless, and that Beverly had already engaged in serious criminal conduct as an adult. (Sept. 18, 2018 Tr. at 11-14). *See* R.C. 2929.12(D)(2), (3). The trial court also noted that Beverly committed the offenses

-7-

while released on bond in another criminal matter. (Sept. 18, 2018 Tr. at 5, 15-16). *See* R.C. 2929.12(D)(1). Finally, the trial court considered whether Beverly had previously served in the armed forces, which he did not. (Sept. 18, 2018 Tr. at 16). *See* R.C. 2929.12(F). Thus, the record reflects that the trial court appropriately considered the principles and purposes of felony sentencing and the applicable R.C. 2929.12 factors in determining Beverly's sentence.

{¶13} Nevertheless, Beverly contends that his "maximum" sentence is unsupported by the record or contrary to law because his offenses are not the "worst forms" of burglary and breaking and entering. In addition, he argues that his sentence is unduly harsh because he is a first-time adult felony offender and because the trial court failed to properly consider his need for and receptiveness to rehabilitation.

{¶14} At the outset, we note that Beverly incorrectly describes his sentence as a "maximum" sentence. As indicated above, the maximum sentence for a first offense of third-degree felony burglary is 36 months' imprisonment. *See* R.C. 2929.14(A)(3)(b). For third-degree burglary, Beverly was sentenced to 30 months' imprisonment. Although Beverly was sentenced to the 12-month maximum for his breaking-and-entering offense, because he was given a 30-month sentence for burglary, his aggregate sentence of 42 months' imprisonment is 6 months less than

the statutory maximum consecutive sentence. Consequently, Beverly is not serving a "maximum" sentence.

{¶15} Furthermore, even if Beverly's sentence was a maximum sentence, his argument that his sentence is unsupported by the record or contrary to law because his burglary and breaking-and-entering offenses are not the "worst forms" of those offenses is misplaced. Beverly "is relying on a version of [R.C. 2929.14(C)] that was declared unconstitutional and was severed from the Ohio Revised Code in *State v. Foster*, 109 Ohio St.3d 1, 2006-Ohio-856." *State v. Roberts*, 2d Dist. Clark No. 2017-CA-98, 2018-Ohio-4885, ¶ 16, citing *State v. Latham*, 2d Dist. Champaign No. 08-CA-17, 2009-Ohio-3517, ¶ 4 (discussing former R.C. 2929.14(C) and its severance). "[T]rial courts do not need to make findings or provide reasons for imposing maximum sentences. Instead, they need only consider applicable statutory criteria, including those set out in R.C. 2929.11 and R.C. 2929.12." *Id.*, citing *State v. Dixon*, 2d Dist. Clark No. 2015-CA-67, 2016-Ohio-2882, ¶ 14-15. Therefore, even if the trial court had imposed a maximum sentence, it would not have been required to find that Beverly committed the "worst forms" of burglary and breaking and entering in order to do so.

{¶16} Finally, Beverly argues that his sentence is excessive because "[a]t the time these charges were filed[,] *** [he] had no adult felony court convictions." (Appellant's Brief at 3). Beverly's argument is without merit. First, although

Beverly may not have had any adult felony convictions when he was indicted for burglary and breaking and entering in this case, by the time of the sentencing hearing, Beverly had been convicted of one felony count in a companion Logan County case and of one felony and one first-degree misdemeanor in Union County. (*See* PSI at 7); (*See* Doc. No. 55). In addition, although not a felony, Beverly had been convicted in Logan County of unlawful sexual conduct with a minor, a first-degree misdemeanor, and sentenced just three days after the indictment was filed in this case. (PSI at 7). Furthermore, the record establishes that Beverly had an extensive history of involvement with the juvenile court system. The PSI reflects that, since age 11, Beverly had been adjudicated delinquent numerous times, including for offenses such as aggravated trespass, burglary, escape, unauthorized use of a motor vehicle, making false alarms, and falsification. (PSI at 5-6). Thus, although Beverly's adult felony history was relatively limited, his sentence is not disproportionate to the seriousness of his offenses given his lengthy juvenile history.

{¶17} Moreover, the PSI reveals that, despite numerous attempts at intervention, Beverly was not amenable to rehabilitation as a juvenile. For example, after being adjudicated delinquent in 2012 following an admission to burglary, Beverly was placed on probation. (PSI at 5). However, he committed a probation violation in 2015 and he was ultimately unsuccessfully released from probation in 2018. (*Id.*). Despite being offered multiple alternatives to commitment, including

community service and counseling, Beverly continued to reoffend. (*Id.*). Therefore, the record supports that Beverly repeatedly failed to take advantage of opportunities for rehabilitation.

{¶18} In conclusion, the trial court properly considered the purposes and principles of felony sentencing and applied the relevant R.C. 2929.12 factors. Furthermore, Beverly's sentences are within the statutory ranges. Therefore, there is not clear and convincing evidence that Beverly's sentences are unsupported by the record or that his sentences are otherwise contrary to law. *See Nienberg*, 2017-Ohio-2920, at ¶ 23.

{¶19} Beverly's assignment of error is overruled.

{¶20} Having found no error prejudicial to the appellant herein in the particulars assigned and argued, we affirm the judgment of the trial court.

*Judgment Affirmed*

**SHAW and WILLAMOWSKI, J.J., concur.**

**/jlr**