[Cite as *State v. Smith*, 2020-Ohio-3414.]

# IN THE COURT OF APPEALS OF OHIO
## THIRD APPELLATE DISTRICT
### SHELBY COUNTY

STATE OF OHIO,

    PLAINTIFF-APPELLEE,               CASE NO. 17-19-19

    v.

JESSIE SMITH,                        O P I N I O N

    DEFENDANT-APPELLANT.

Appeal from Shelby County Common Pleas Court
Trial Court No. 19CR000039

**Judgment Affirmed**

**Date of Decision: June 22, 2020**

APPEARANCES:

    *Ralph A. Bauer* for Appellant

    *William R. Zimmerman* for Appellee

**PRESTON, J.**

{¶1} Defendant-appellant, Jessie Smith ("Smith"), appeals the September 10, 2019 judgment of sentence of the Shelby County Court of Common Pleas. For the reasons that follow, we affirm.

{¶2} On January 31, 2019, the Shelby County Grand Jury indicted Smith on one count of failure to provide notice of a change of address in violation of R.C. 2950.05(F)(1), a third-degree felony.[1] (Doc. No. 3). On May 2, 2019, Smith appeared for arraignment and pleaded not guilty to the count of the indictment. (Doc. No. 20).

{¶3} A change of plea hearing was held on July 15, 2019. (July 15, 2019 Tr. at 3-4). At the hearing, Smith withdrew his previous not guilty plea and pleaded guilty to an amended count of fourth-degree felony failure to provide notice of a change of address. (*Id.* at 3-4, 13); (Doc. Nos. 52, 53). The trial court accepted Smith's guilty plea, found him guilty, and ordered a presentence investigation report. (July 15, 2019 Tr. at 13-14).

{¶4} On September 10, 2019, the trial court sentenced Smith to 17 months in prison.[2] (Doc. No. 82).

---

[1] Smith was previously convicted of third-degree felony gross sexual imposition in Shelby County Common Pleas Court case number 16CR00094. (Doc. No. 3). As a result, the related offense in the instant case was charged as a third-degree felony. *See* R.C. 2950.99(A)(1)(a)(ii).

[2] On November 6, 2019, the trial court filed an amended judgment entry of sentence correcting a typographical error in the spelling of Smith's first name. (Doc. No. 107).

{¶5} Smith filed his notice of appeal on October 7, 2019.  (Doc. No. 97).  He raises one assignment of error for our review.

**Assignment of Error**

**The trial court erred in imposing the sentence upon Appellant.**

{¶6} In his assignment of error, Smith argues that the trial court erred by sentencing him to 17 months in prison.  Smith maintains that the record does not support the trial court's sentence and that his sentence "is clearly and convincingly contrary to law because the trial court engaged in 'minimal discussion' regarding the sentencing factors and focused too heavily on punishing the offender under [R.C. 2929.11(A)]."  (Appellant's Brief at 5).

{¶7} Under R.C. 2953.08(G)(2), an appellate court will reverse a sentence "only if it determines by clear and convincing evidence that the record does not support the trial court's findings under relevant statutes or that the sentence is otherwise contrary to law." *State v. Marcum*, 146 Ohio St.3d 516, 2016-Ohio-1002, ¶ 1.  Clear and convincing evidence is that "'which will produce in the mind of the trier of facts a firm belief or conviction as to the facts sought to be established.'" *Id.* at ¶ 22, quoting *Cross v. Ledford*, 161 Ohio St. 469 (1954), paragraph three of the syllabus.

{¶8} "'Trial courts have full discretion to impose any sentence within the statutory range.'" *State v. Smith*, 3d Dist. Seneca No. 13-15-17, 2015-Ohio-4225, ¶

9, quoting *State v. Noble*, 3d Dist. Logan No. 8-14-06, 2014-Ohio-5485, ¶ 9, citing *State v. Saldana*, 3d Dist. Putnam No. 12-12-09, 2013-Ohio-1122, ¶ 20. As a fourth-degree felony, failure to provide notice of a change of address carries a sanction of 6 to 18 months' imprisonment. R.C. 2950.99(A)(1)(a)(ii); R.C. 2929.13(B)(2) (Oct. 31, 2018) (current version at R.C. 2929.13(B)(2) (Oct. 17, 2019)); R.C. 2929.14(A)(4) (Oct. 31, 2018) (current version at R.C. 2929.14(A)(4) (Mar. 22, 2019)).

{¶9} In this case, Smith was sentenced to 17 months' imprisonment. Accordingly, the trial court's sentence is within the statutory range. "'[A] sentence imposed within the statutory range is "presumptively valid" if the [trial] court considered applicable sentencing factors.'" *State v. Nienberg*, 3d Dist. Putnam Nos. 12-16-15 and 12-16-16, 2017-Ohio-2920, ¶ 10, quoting *State v. Maggette*, 3d Dist. Seneca No. 13-16-06, 2016-Ohio-5554, ¶ 31, quoting *State v. Collier*, 8th Dist. Cuyahoga No. 95572, 2011-Ohio-2791, ¶ 15.

{¶10} R.C. 2929.11 provides, in pertinent part, that the "overriding purposes of felony sentencing are to protect the public from future crime by the offender and others, to punish the offender, and to promote the effective rehabilitation of the offender using the minimum sanctions that the court determines accomplish those purposes without imposing an unnecessary burden on state or local government resources." R.C. 2929.11(A). To achieve the overriding purposes of felony

sentencing, R.C. 2929.11 directs courts to "consider the need for incapacitating the offender, deterring the offender and others from future crime, rehabilitating the offender, and making restitution to the victim of the offense, the public, or both." *Id.* In addition, R.C. 2929.11(B) instructs that a sentence imposed for a felony "shall be reasonably calculated to achieve the three overriding purposes of felony sentencing * * *, commensurate with and not demeaning to the seriousness of the offender's conduct and its impact upon the victim, and consistent with sentences imposed for similar crimes committed by similar offenders." "In accordance with these principles, the trial court must consider the factors set forth in R.C. 2929.12(B)-(E) relating to the seriousness of the offender's conduct and the likelihood of the offender's recidivism." *Smith* at ¶ 10, citing R.C. 2929.12(A). "'A sentencing court has broad discretion to determine the relative weight to assign the sentencing factors in R.C. 2929.12.'" *Id.* at ¶ 15, quoting *State v. Brimacombe*, 195 Ohio App.3d 524, 2011-Ohio-5032, ¶ 18 (6th Dist.), citing *State v. Arnett*, 88 Ohio St.3d 208, 215 (2000).

{¶11} From the record, it is clear that the trial court sentenced Smith after considering the overriding purposes of felony sentencing set forth in R.C. 2929.11(A) and the relevant R.C. 2929.12(B)-(E) factors. First, at the sentencing hearing, the trial court noted that it had "considered the purposes and the principles of sentencing under 2929.11 and the seriousness and the recidivism factors under

2929.12." (Sept. 10, 2019 Tr. at 6). Furthermore, in its judgment entry of sentence, the trial court stressed that it had "considered * * * the principles and purposes of sentencing under Ohio Revised Code Section 2929.11" and "balanced the seriousness and recidivism factors of Ohio Revised Code Section 2929.12." (Doc. No. 82). Nevertheless, Smith argues that the trial court did not satisfy its duties under the sentencing statutes because "the Judgment Entry of Sentencing, as well as the communication between [Smith] and the trial court, shows a lacking of any discussion as to whether or not the trial court weighed the * * * seriousness of his conduct pursuant to [R.C.] 2929.12, as well as * * * [the] recidivism factors." (*See* Appellant's Brief at 8). Smith's argument is without merit. "A trial court's statement that it considered the required statutory factors, without more, is sufficient to fulfill its obligations under the sentencing statutes." *Maggette* at ¶ 32, citing *State v. Abrams*, 8th Dist. Cuyahoga No. 103786, 2016-Ohio-4570, citing *State v. Payne*, 114 Ohio St.3d 502, 2007-Ohio-4642, ¶ 18. Therefore, the record establishes that the trial court fulfilled its obligation to consider R.C. 2929.11 and 2929.12 when it sentenced Smith.

{¶12} Moreover, the record supports the trial court's sentence. Given the nature of the instant offense, many of the R.C. 2929.12(B)-(E) factors do not apply. However, it is clear that some of the factors do apply to Smith and that the trial court was aware of and considered evidence corresponding to the applicable factors.

First, the trial court was aware of both Smith's considerable juvenile history and his history of adult criminal convictions, and the trial court expressly referenced this history in settling on an appropriate sentence. (Sept. 10, 2019 Tr. at 6-7); (PSI at 2-5). *See* R.C. 2929.12(D)(2). In addition, the trial court recognized that Smith committed the instant offense while he was on post-release control for his 2016 gross-sexual-imposition conviction. (Sept. 10, 2019 Tr. at 7); (PSI at 5). *See* R.C. 2929.12(D)(1). Finally, the record contains evidence relevant to R.C. 2929.12(C)(4), (D)(5), and (E)(5)—the factors dealing with whether there are "substantial grounds to mitigate [Smith's] conduct, although the grounds are not enough to constitute a defense" and whether Smith expressed genuine remorse for his offense. At the sentencing hearing, Smith apologized for his offense and explained that "[a]t the time, [he] was * * * getting high and stuff and wasn't in the right state of mind because of losing family members and stuff." (Sept. 10, 2019 Tr. at 5). Thus, the trial court was able to assess whether Smith was sincerely remorseful and whether Smith's professed drug problem and difficulties brought on by the loss of family members substantially mitigated his conduct. Ultimately, the trial court had broad discretion to determine the relative weight to assign the R.C. 2929.12 factors, and on this record, we cannot find any fault in the trial court's decision to afford greater weight to the aggravating factors than to the mitigating factors.

**{¶13}** In conclusion, the trial court properly considered the purposes and principles of felony sentencing and applied the relevant R.C. 2929.12 factors. Furthermore, Smith's sentence is within the statutory range. Therefore, there is not clear and convincing evidence that Smith's sentence is unsupported by the record or that his sentence is otherwise contrary to law. *See Nienberg*, 2017-Ohio-2920, at ¶ 23.

**{¶14}** Smith's assignment of error is overruled.

**{¶15}** Having found no error prejudicial to the appellant herein in the particulars assigned and argued, we affirm the judgment of the trial court.

***Judgment Affirmed***

**SHAW, P.J. and WILLAMOWSKI, J., concur.**

**/jlr**