[Cite as *State v. Clinchscales*, 2021-Ohio-100.]

# IN THE COURT OF APPEALS OF OHIO
## THIRD APPELLATE DISTRICT
## LOGAN COUNTY

STATE OF OHIO,

      PLAINTIFF-APPELLEE,                            CASE NO.  8-20-15

      v.

DONOVAN R. CLINCHSCALES,             O P I N I O N

      DEFENDANT-APPELLANT.

Appeal from Logan County Common Pleas Court
Trial Court No. CR 19 03 0082

**Judgment Affirmed**

**Date of Decision:  January 19, 2021**

APPEARANCES:

    *William T. Cramer* **for Appellant**

    *Sarah J. Warren* **for Appellee**

**ZIMMERMAN, J.**

{¶1} Defendant-appellant, Donovan R. Clinchscales ("Clinchscales"), appeals the April 27, 2020 judgment entry of sentence of the Logan County Court of Common Pleas Court, General Division. We affirm.

{¶2} On March 12, 2019, the Logan County Grand Jury indicted Clinchscales on three criminal charges: Count One of Attempted Rape in violation of R.C. 2923.02(A), 2923.02(E)(1), and 2907.02(A)(2), (B), a second-degree felony; Count Two of Gross Sexual Imposition in violation of R.C. 2907.05(A)(1), (C)(1), a fourth-degree felony; and Count Three of Kidnapping in violation of R.C. 2905.01(B)(2), (C)(1), a second-degree felony. (Doc. No. 2). Clinchscales appeared for arraignment on May 17, 2019 and entered pleas of not guilty. (Doc. No. 16).

{¶3} On April 1, 2020, Clinchscales entered his guilty plea in the trial court under a negotiated plea agreement, which included a joint sentencing recommendation.[1] (Doc. Nos. 98, 131); (Apr. 27, 2020 Tr. at 3-4). Specifically, in exchange for his guilty plea to a bill of information charging Clinchscales with one count of Attempted Felonious Assault in violation of R.C. 2923.02 and R.C. 2903.11(A)(1), a third-degree felony, the State agreed to dismiss the three-count

---

[1] The State and Clinchscales jointly recommended community control sanctions with a condition being treatment at River City Correctional Center, a community based correctional facility where Clinchscales could receive sex-offender programming. (Doc. Nos. 100, 131); (Apr. 27, 2020 Tr. at 3-4).

indictment.  (Doc. Nos. 100, 130); (Apr. 1, 2020 Tr. at 5).  The trial court accepted Clinchscales's guilty plea, found him guilty, dismissed the indictment, and ordered a presentence investigation ("PSI").  (*Id.*); (*Id.* at 22-26).

**{¶4}** On April 27, 2020, the trial court sentenced Clinchscales to 30 months in prison.[2]  (Doc. No. 107).  On May 11, 2020, Clinchscales filed his notice of appeal and raises one assignment of error for our review.  (Doc. No. 118).

### Assignment of Error

**By clear and convincing evidence, the record does not support the trial court's decision to reject a joint recommendation of community control in favor of a prison term.**

**{¶5}** In his assignment of error, Clinchscales argues that the trial court erred by imposing a prison term, rather than, the joint sentencing recommendation.  In particular, he argues that the record does not support the trial court's sentence.

### *Standard of Review*

**{¶6}** Under R.C. 2953.08(G)(2), an appellate court will reverse a sentence "only if it determines by clear and convincing evidence that the record does not support the trial court's findings under relevant statutes or that the sentence is otherwise contrary to law." *State v. Marcum*, 146 Ohio St.3d 516, 2016-Ohio-1002, ¶ 1.  Clear and convincing evidence is that "'which will produce in the mind of the

---

[2] The trial court ordered that Clinchscales receive 201 days' jail-time credit, pay $367 in restitution, and that the costs of prosecution under R.C. 2929.18(A) and 2947.23 and court costs be waived.  (Doc. No. 107); (Apr. 27, 2020 Tr. at 8).

trier of facts a firm belief or conviction as to the facts sought to be established.'" *Id.* at ¶ 22, quoting *Cross v. Ledford*, 161 Ohio St. 469 (1954), paragraph three of the syllabus.

*Analysis*

{¶7} "'[T]rial courts have full discretion to impose any sentence within the statutory range.'" *State v. Smith*, 3d Dist. Seneca No. 13-15-17, 2015-Ohio-4225, ¶ 10, quoting *State v. Noble*, 3d Dist. Logan No. 8-14-06, 2014-Ohio-5485, ¶ 9, citing *State v. Saldana*, 3d Dist. Putnam No. 12-12-09, 2013-Ohio-1122, ¶ 20. In this case, as a third-degree felony, Attempted Felonious Assault, carries a non-mandatory sanction of 9-months to 36-months imprisonment. R.C. 2923.02; R.C. 2903.11(A)(1); 2929.13(C); 2929.14(A)(3)(b). Because the trial court sentenced Clinchscales to 30 months in prison, the trial court's sentence falls within the statutory range. "[A] sentence imposed within the statutory range is 'presumptively valid' if the [trial] court considered applicable sentencing factors." *State v. Maggette*, 3d Dist. Seneca No. 13-16-06, 2016-Ohio-5554, ¶ 31, quoting *State v. Collier*, 8th Dist. Cuyahoga No. 95572, 2011-Ohio-2791, ¶ 15.

{¶8} "R.C. 2929.11 provides, in pertinent part, that the 'overriding purposes of felony sentencing are to protect the public from future crime and to punish the offender.'" *Smith* at ¶ 10, quoting R.C. 2929.11(A). "In advancing these purposes, sentencing courts are instructed to 'consider the need for incapacitating the offender,

deterring the offender and others from future crime, rehabilitating the offender, and making restitution to the victim of the offense, the public, or both.'" *Id.*, quoting R.C. 2929.11(A). "Meanwhile, R.C. 2929.11(B) states that felony sentences must be 'commensurate with and not demeaning to the seriousness of the offender's conduct and its impact upon the victim' and also be consistent with sentences imposed in similar cases." *Id.*, quoting R.C. 2929.11(B). "In accordance with these principles, the trial court must consider the factors set forth in R.C. 2929.12(B)-(E) relating to the seriousness of the offender's conduct and the likelihood of the offender's recidivism." *Id.*, citing R.C. 2929.12(A). "'A sentencing court has broad discretion to determine the relative weight to assign the sentencing factors in R.C. 2929.12." *Id.* at ¶ 15, quoting *State v. Brimacombe*, 6th Dist. Lucas No. L-10-1179, 2011-Ohio-5032, ¶ 18, citing *State v. Arnett*, 88 Ohio St.3d 208, 215 (2000).

{¶9} "Although the trial court must consider the purposes and principles of felony sentencing set forth in R.C. 2929.11 and the sentencing factors listed in R.C. 2929.12, the sentencing court is not required to 'state on the record that it considered the statutory criteria or discuss[ed] them.'" *Maggette* at ¶ 32, quoting *State v. Polick*, 101 Ohio App.3d 428, 431 (4th Dist.1995). "A trial court's statement that it considered the required statutory factors, without more, is sufficient to fulfill its obligations under the sentencing statutes." *Id.*, citing *State v. Abrams*, 8th Dist.

Cuyahoga No. 103786, 2016-Ohio-4570, ¶ 14, citing *State v. Payne*, 114 Ohio St.3d 502, 2007-Ohio-4642, ¶ 18.

{¶10} At Clinchscales's sentencing hearing and in its sentencing entry, the trial court considered the R.C. 2929.11 and 2929.12 factors. (Apr. 27 Tr. at 5-7); (Doc. Nos. 107, 131). Specifically, the trial court considered "the purposes and principles of sentencing set forth in R.C. 2929.11," and in exercising its discretion, the trial court considered those factors "relating to the likelihood of the offender's recidivism" provided in division (D) as required by R.C. 2929.12(A) when the court considered the need to deter or incapacitate Clinchscales. R.C. 2929.12(A). (*See* Apr. 27, 2020 Tr. at 5-7); (Doc. Nos. 107, 131). In assessing whether Clinchscales was likely to commit future crimes, the trial court considered Clinchscales's prior juvenile delinquency record and determined that he had "a history of criminal conduct that includes a prior violent sexual offense". (Apr. 27, 2020 Tr. at 7); (Doc. No. 131). *See* R.C. 2929.12(D)(2). Moreover, the trial court in its consideration of the PSI, determined that Clinchscales "does not show any remorse" as a result of his claim that "he was set up by the victim". (*Id.*); (*Id.*). *See* R.C. 2929.12(D)(5).

{¶11} Further, the trial court also considered that Clinchscales had a bond violation during the pendency of his case, and that the victim in this case suffered serious physical harm as a result of the offense, "including burns and disfigurement

to her person." (Apr. 27, 2020 Tr. at 6-7); (Doc. No. 131). *See* R.C. 2929.12(A), (B)(2).

{¶12} The trial court did not find any of R.C. 2929.12(C) factors applied indicating that Clinchscale's conduct was less serious. (Apr. 27, 2020 Tr. at 6); (Doc. No. 131). Moreover, the trial court did not find any factors in R.C. 2929.12(E) indicating that Clinchscales is not likely to commit future crimes applied.

{¶13} After weighing the seriousness and recidivism factors, considering the victim impact statement, and the PSI, the trial court ultimately determined that Clinchscales's joint sentencing recommendation was contrary to the overriding purposes of felony sentencing, and that a 30-month prison term was appropriate under the facts presented. (*See* Apr. 27, 2020 Tr. at 7); (Doc. No. 131). *See also* R.C. 2929.11(B).

{¶14} In our review of the record, we conclude that the trial court's findings are clearly and convincingly supported by the record. Thus, it was within the trial court's discretion to impose a prison sentence as "the most effective way to comply with the purposes and principles of sentencing set forth in section 2929.11 of the Revised Code." R.C. 2929.12(A). Accordingly, based on the foregoing, Clinchscales's sentence is not clearly and convincingly contrary to law because it is within the permissible statutory range, and the trial court properly considered the

criteria set forth in R.C. 2929.11 and 2929.12. *See Maggette*, 2016-Ohio-5554, at ¶ 36.

{¶15} For these reasons, Clinchscales's sole assignment of error is overruled.

{¶16} Having found no error prejudicial to the appellant herein in the particulars assigned and argued, we affirm the judgment of the trial court.

*Judgment Affirmed*

**WILLAMOWSKI, P.J. and SHAW, J., concur.**

**/jlr**