[Cite as *State v. Vanmeter*, 2018-Ohio-3528.]

# IN THE COURT OF APPEALS OF OHIO
## THIRD APPELLATE DISTRICT
## ALLEN COUNTY

STATE OF OHIO,

      PLAINTIFF-APPELLEE,                CASE NO.  1-18-18

      v.

KURT W. VANMETER,                    O P I N I O N

      DEFENDANT-APPELLANT.

Appeal from Allen County Common Pleas Court
Trial Court No. CR2017 0388

**Judgment Affirmed**

Date of Decision:   September 4, 2018

APPEARANCES:

*Linda Gabriele* **for Appellant**

*Jana E. Emerick* **for Appellee**

**PRESTON, J.**

{¶1} Defendant-appellant, Kurt W. Vanmeter ("Vanmeter"), appeals the March 19, 2018 judgment entry of sentence of the Allen County Court of Common Pleas. We affirm.

{¶2} This case stems from the November 24, 2017 overdose death of Frank Coleman ("Coleman"). (Doc. No. 2). Vanmeter allegedly provided Coleman the substance which led to Coleman's overdose death. (*Id.*). On January 11, 2018, the Allen County Grand Jury indicted Vanmeter on three counts: Count One of involuntary manslaughter in violation of R.C. 2903.04(A), (C), a first-degree felony; Count Two of corrupting another with drugs in violation of R.C. 2925.02(A)(3), (C)(1), a second-degree felony; and Count Three of trafficking in heroin in violation of R.C. 2925.03(A)(1), (C)(6)(a), a fifth-degree felony. (Doc. No. 3).

{¶3} On January 19, 2018, Vanmeter appeared for arraignment and entered pleas of not guilty. (Doc. No. 10).

{¶4} On January 31, 2018, Vanmeter withdrew his plea of not guilty and entered a guilty plea, under a negotiated plea agreement, to Count One of the indictment. (Doc. Nos. 19, 20). In exchange for his change of plea, the State agreed to dismiss Counts Two and Three of the indictment. (Doc. No. 19). The trial court accepted Vanmeter's guilty plea, found him guilty, dismissed Counts Two and Three, and ordered a presentence investigation ("PSI"). (Doc. No. 20).

{¶5} On March 16, 2018, the trial court sentenced Vanmeter to 11 years in prison. (Doc. No. 28). The trial court filed its judgment entry of sentence on March 19, 2018. (*Id.*).

{¶6} On April 16, 2018, Vanmeter filed a notice of appeal. (Doc. No. 31). He raises two assignments of error for our review, which we address together.

**Assignment of Error No. I**

**The Maximum Sentence Imposed by the Trial Court was Excessive and Contrary to Law.**

**Assignment of Error No. II**

**There is Clear and Convincing Evidence that the Record Does Not Support the Maximum Sentence Imposed by the Trial Court.**

{¶7} In his assignments of error, Vanmeter argues that the trial court erred by imposing the maximum term of imprisonment. In particular, he argues that "the trial court failed to properly consider the principles and purposes of felony sentencing" under R.C. 2929.11 in imposing his sentence. He contends that the trial court abused its discretion by concluding that the factors indicating that Vanmeter is likely to commit future crimes outweighed the factors indicating that he is not likely to commit future crimes. He also contends that his sentence is disproportionate to sentences in similar cases.

{¶8} Under R.C. 2953.08(G)(2), an appellate court will reverse a sentence "only if it determines by clear and convincing evidence that the record does not

support the trial court's findings under relevant statutes or that the sentence is otherwise contrary to law." *State v. Marcum*, 146 Ohio St.3d 516, 2016-Ohio-1002, ¶ 1. Clear and convincing evidence is that "'which will produce in the mind of the trier of facts a firm belief or conviction as to the facts sought to be established.'" *Id.* at ¶ 22, quoting *Cross v. Ledford*, 161 Ohio St. 469 (1954), paragraph three of the syllabus.

**{¶9}** "It is well-established that the statutes governing felony sentencing no longer require the trial court to make certain findings before imposing a maximum sentence." *State v. Maggette*, 3d Dist. Seneca No. 13-16-06, 2016-Ohio-5554, ¶ 29, citing *State v. Dixon*, 2d Dist. Clark No. 2015-CA-67, 2016-Ohio-2882, ¶ 14 ("Unlike consecutive sentences, the trial court was not required to make any particular 'findings' to justify maximum prison sentences.") and *State v. Hinton*, 8th Dist. Cuyahoga No. 102710, 2015-Ohio-4907, ¶ 9 ("The law no longer requires the trial court to make certain findings before imposing a maximum sentence."). Rather, "'trial courts have full discretion to impose any sentence within the statutory range.'" *State v. Smith*, 3d Dist. Seneca No. 13-15-17, 2015-Ohio-4225, ¶ 10, quoting *State v. Noble*, 3d Dist. Logan No. 8-14-06, 2014-Ohio-5485, ¶ 9, citing *State v. Saldana*, 3d Dist. Putnam No. 12-12-09, 2013-Ohio-1122, ¶ 20. In this case, as a first-degree felony, involuntary manslaughter carries a non-mandatory sanction of 3-years to 11-years imprisonment. R.C. 2903.04(A), (C); R.C. 2929.14(A)(1).

(*See* Mar. 16, 2018 Tr. at 16); R.C. 2929.13(F)(6). Because the trial court sentenced Vanmeter to 11 years in prison, the trial court's sentence falls within the statutory range. "[A] sentence imposed within the statutory range is 'presumptively valid' if the [trial] court considered applicable sentencing factors." *Maggette* at ¶ 31, quoting *State v. Collier*, 8th Dist. Cuyahoga No. 95572, 2011-Ohio-2791, ¶ 15.

{¶10} "R.C. 2929.11 provides, in pertinent part, that the 'overriding purposes of felony sentencing are to protect the public from future crime and to punish the offender.'" *Smith* at ¶ 10, quoting R.C. 2929.11(A). "In advancing these purposes, sentencing courts are instructed to 'consider the need for incapacitating the offender, deterring the offender and others from future crime, rehabilitating the offender, and making restitution to the victim of the offense, the public, or both.'" *Id.*, quoting R.C. 2929.11(A). "Meanwhile, R.C. 2929.11(B) states that felony sentences must be 'commensurate with and not demeaning to the seriousness of the offender's conduct and its impact upon the victim' and also be consistent with sentences imposed in similar cases." *Id.*, quoting R.C. 2929.11(B). "In accordance with these principles, the trial court must consider the factors set forth in R.C. 2929.12(B)-(E) relating to the seriousness of the offender's conduct and the likelihood of the offender's recidivism." *Id.*, citing R.C. 2929.12(A). "'A sentencing court has broad discretion to determine the relative weight to assign the sentencing factors in R.C.

2929.12." *Id.* at ¶ 15, quoting *State v. Brimacombe*, 195 Ohio App.3d 524, 2011-Ohio-5032, ¶ 18 (6th Dist.), citing *State v. Arnett*, 88 Ohio St.3d 208, 215 (2000).

{¶11} "Although the trial court must consider the purposes and principles of felony sentencing set forth in R.C. 2929.11 and the sentencing factors listed in R.C. 2929.12, the sentencing court is not required to 'state on the record that it considered the statutory criteria or discuss[ed] them.'" *Maggette* at ¶ 32, quoting *State v. Polick*, 101 Ohio App.3d 428, 431 (4th Dist.1995). "'A trial court's statement that it considered the required statutory factors, without more, is sufficient to fulfill its obligations under the sentencing statutes.'" *Id.*, citing *State v. Abrams*, 8th Dist. Cuyahoga No. 103786, 2016-Ohio-4570, ¶ 14, quoting *State v. Payne*, 114 Ohio St.3d 502, 2007-Ohio-4642, ¶ 18. At Vanmeter's sentencing hearing and in its sentencing entry, the trial court considered the R.C. 2929.11 and 2929.12 factors. (Mar. 16, 2018 Tr. at 16-20); (Doc. No. 28).

{¶12} In particular, in addressing the seriousness of Vanmeter's conduct, the trial court found that "obviously the harm suffered by the victim is serious * * *, it's the ultimate harm" even though it is a harm "that would be present in any manslaughter case, so it doesn't necessarily make it more serious * * *." (Mar. 16, 2018 Tr. at 16); (Doc. No. 28). *See* R.C. 2929.12(B)(2). The trial court also found that "there was a relationship with the victim * * * that facilitated the fact that * * *

the offense was committed." (Mar. 16, 2018 Tr. at 17); (Doc. No. 28). *See* R.C. 2929.12(B)(6). Applying the factors under R.C. 2929.12(C), the trial court stated:

> I don't find any of the less serious factors to apply * * * under the circumstances, [but] I suppose it could be argued that the victim by using the heroin may have somehow facilitated it * * * if that's a factor * * * but I don't give that any weight to outweigh the seriousness factors that I've recited.

(Mar. 16, 2018 Tr. at 17). In assessing whether Vanmeter was likely to commit future crimes, the trial court weighed against Vanmeter his prior record and found that Vanmeter "hasn't responded favorably to the sanctions previously imposed." (*Id.* at 17-19); (Doc. No. 28). *See* R.C. 2929.12(D)(3). The trial court also found that Vanmeter "demonstrated a pattern of substance abuse obviously related to the offense; he does acknowledge that, I'll give him credit for that." (Mar. 16, 2018 Tr. at 19-20); (Doc. No. 28). *See* R.C. 2929.12(D)(4). Further, the trial court noted that Vanmeter's Ohio Risk Assessment System score was a "33," "which indicates a high risk of reoffending." (Mar. 16, 2018 Tr. at 20). In assessing the factors under R.C. 2929.12(E), the trial court found that Vanmeter "expresses remorse." (*Id.*); (Doc. No. 28). *See* R.C. 2929.12(E)(5).

{¶13} On appeal, Vanmeter argues that the trial court abused its discretion in weighing the R.C. 2929.12 factors to sentence him to a maximum term of

imprisonment. In particular, he challenges the trial court's conclusion that he is likely to commit future crimes because, according to Vanmeter, the trial court did not apply the appropriate weight to the mitigating evidence. Vanmeter's argument is erroneous because "it is '[t]he trial court [that], in imposing a sentence, determines the weight afforded to any particular statutory factors, mitigating grounds, or other relevant circumstances.'" *State v. McKennelly*, 12th Dist. Butler No. CA2017-04-055, 2017-Ohio-9092, ¶ 15, quoting *State v. Steger*, 12th Dist. Butler No. CA2016-03-059, 2016-Ohio-7908, ¶ 18, citing *State v. Stubbs*, 10th Dist. Franklin No. 13AP-810, 2014-Ohio-3696, ¶ 16. "The fact that the trial court chose to weigh various sentencing factors differently than how appellant would have weighed them does not mean the trial court erred in imposing appellant's sentence." *Id.*

{¶14} After weighing the recidivism factors, the trial court ultimately concluded that Vanmeter failed to overcome the presumption in favor of prison after concluding that he is likely to commit future crimes. In concluding that Vanmeter is likely to commit future crimes, the trial court found that Vanmeter has a history of criminal convictions and has not responded favorably to sanctions previously imposed for criminal convictions, that he demonstrated a pattern of drug abuse that is related to the offense, and that he received a score indicative of a high risk of reoffending under the Ohio Risk Assessment System. Those findings are clearly and convincingly supported by the record. The PSI details Vanmeter's prior record.

In particular, the PSI reflects that Vanmeter has a prior felony-drug conviction and has a prior drug-related probation violation. (PSI at 5-6). The record reflects Vanmeter's history of drug abuse, including heroin—the drug which led to Coleman's overdose death. (Mar. 16, 2018 Tr. at 6-16, 19); (PSI at 4, 6, 8-9). The Ohio Risk Assessment System results are also included in the record reflecting the high-risk-of-reoffending score. (PSI at 12-18).

{¶15} In addition to the specific factors listed under R.C. 2929.12, the statute permits the trial court to consider "any other factors relevant to achieving [the] purposes and principles of sentencing," including "any other relevant factors" regarding the seriousness of the offender's conduct and likelihood of recidivism. R.C. 2929.12(A)-(E). As such, it was within the trial court's discretion to conclude that the imposition of a prison sentence is "the most effective way to comply with the purposes and principles of sentencing set forth in section 2929.11 of the Revised Code." R.C. 2929.12(A). *See also* R.C. 2929.13(D). For these reasons, the trial court did not abuse its discretion by concluding that Vanmeter did not overcome the presumption in favor of prison. Accordingly, we will not reverse Vanmeter's sentence because it is within the permissible statutory range, the trial court properly considered the criteria found in R.C. 2929.11 and 2929.12, and the record clearly and convincingly supports the trial court's findings under R.C. 2929.11 and 2929.12. *See Maggette*, 2016-Ohio-5554, at ¶ 36.

{¶16} Vanmeter further argues that his sentence is disproportionate to sentences in similar cases. "'A defendant alleging disproportionality in felony sentencing has the burden of producing evidence to "indicate that his sentence is directly disproportionate to sentences given to other offenders with similar records who have committed these offenses * * *."'" *State v. Norman*, 3d Dist. Seneca No. 13-13-50, 2014-Ohio-3010, ¶ 17, quoting *State v. Ewert*, 5th Dist. Muskingum No. CT2012-0002, 2012-Ohio-2671, ¶ 31, quoting *State v. Breeden*, 8th Dist. Cuyahoga No. 84663, 2005-Ohio-510, ¶ 81. "If a defendant fails to argue to the trial court that his sentence is not consistent with or proportionate to sentences imposed for similar crimes committed by similar offenders, then the defendant waives that issue for appeal." *Id.*, citing *Ewert* at ¶ 31, citing *State v. Santiago*, 8th Dist. Cuyahoga No. 95516, 2011-Ohio-3058, ¶ 42 and *State v. Lycans*, 8th Dist. Cuyahoga No. 93480, 2010-Ohio-2780, ¶ 5.

{¶17} Not only did Vanmeter fail to raise the issue of sentence proportionality before the trial court, he also failed to offer any information to the trial court concerning sentences imposed for similar crimes committed by similar offenders. *Id.* at ¶ 19. As such, Vanmeter waived this issue on appeal.

{¶18} For these reasons, Vanmeter's assignments of error are overruled.

{¶19} Having found no error prejudicial to the appellant herein in the particulars assigned and argued, we affirm the judgment of the trial court.

*Judgment Affirmed*

**WILLAMOWSKI, P.J. and ZIMMERMAN, J., concur.**

**/jlr**