[Cite as *State v. Searles*, 2020-Ohio-973.]

# IN THE COURT OF APPEALS OF OHIO
## THIRD APPELLATE DISTRICT
### VAN WERT COUNTY

STATE OF OHIO,

    PLAINTIFF-APPELLEE,

    **CASE NO. 15-19-05**

    v.

CAROLYN S. SEARLES,

    **O P I N I O N**

    DEFENDANT-APPELLANT.

**Appeal from Van Wert County Common Pleas Court**
**Trial Court No. CR-19-04-040**

**Judgment Affirmed**

**Date of Decision:  March 16, 2020**

APPEARANCES:

    *Clayton J. Crates* **for Appellant**

    *Kelly J. Rauch* **for Appellee**

**WILLAMOWSKI, J.**

{¶1} Defendant-appellant Carolyn S. Searles ("Searles") brings this appeal from the judgment of the Court of Common Pleas of Van Wert County sentencing her to an aggregate prison term of nine years. On appeal, Searles, alleges that the sentence was contrary to law. For the reasons set forth below, the judgment is affirmed.

{¶2} On April 4, 2019, the Van Wert County Grand Jury indicted Searles on eight counts of tampering with records in violation of R.C. 2913.42(A)(2) and (B), felonies of the third degree; one count of complicity in the commission of an offense in violation of R.C. 2923.03(A)(2) and (F), a felony of the third degree; one count of obstructing justice in violation of R.C. 2921.32(A)(5) and (C)(3), a felony of the fifth degree; and one count of engaging in a pattern of corrupt activity in violation of R.C. 2923(A)(3) and (B)(1), a felony of the first degree. Doc. 2. These offenses all arose out of Searles' husband and Searles using her nephew's identity for various purposes for more than a decade. Searles entered pleas of not guilty to all counts. Doc. 9. Searles filed a petition to enter a plea of guilty pursuant to an agreement with the State. Doc. 21. The agreement was that Searles would plead guilty to two counts of tampering with records, one count of complicity, and one count of engaging in a pattern of corrupt activity. *Id.* Searles also agreed to the forfeiture of her home. *Id.* In exchange for the guilty pleas, the State agreed to dismiss the remaining counts in the indictment. *Id.* After conducting a change of plea hearing,

the trial court accepted the guilty pleas and set the matter for sentencing at a later date. Doc. 22. The sentencing hearing was held on July 12, 2019, and the trial court sentenced Searles to a prison term of 24 months for each of the tampering with records convictions and the complicity conviction. Doc. 31. The trial court also sentenced Searles to a prison term of nine years for the engaging in a pattern of corrupt activity conviction. *Id.* All prison terms were ordered to be served concurrently for an aggregate term of nine years. *Id.* Searles filed a notice of appeal from this judgment. Doc. 42. On appeal, Searles raises the following assignment of error.

> **The trial court committed prejudicial error by imposing a sentence that is contrary to law.**

{¶3} In the sole assignment of error, Searles claims that her sentence is contrary to law. She argues that the trial court failed to properly consider and weigh the appropriate statutes and that the trial court failed to determine that she was not amenable to community control sanctions. In support of her argument, Searles argues that the trial court did not comply with R.C. 2929.13(D). The statute provides in pertinent part as follows.

> **(C) Except as provided in division (D), (E), (F), or (G) of this section, in determining whether to impose a prison term as a sanction for a felony of the third degree or a felony drug offense that is a violation of a provision of Chapter 2925. of the Revised Code and that is specified as being subject to this division for purposes of sentencing, the sentencing court shall comply with the purposes and principles of sentencing under section 2929.11 of the Revised Code and with section 2929.12 of the Revised Code.**

**(D)(1) Except as provided in division (E) or (F) of this section, for a felony of the first or second degree, for a felony drug offense that is a violation of any provision of Chapter 2925., 3719., or 4729. of the Revised Code for which a presumption in favor of a prison term is specified as being applicable, and for a violation of division (A)(4) or (B) of section 2907.05 of the Revised Code for which a presumption in favor of a prison term is specified as being applicable, it is presumed that a prison term is necessary in order to comply with the purposes and principles of sentencing under section 2929.11 of the Revised Code. Division (D)(2) of this section does not apply to a presumption established under this division for a violation of division (A)(4) of section 2907.05 of the Revised Code.**

**(2) Notwithstanding the presumption established under division (D)(1) of this section for the offenses listed in that division other than a violation of division (A)(4) or (B) of section 2907.05 of the Revised Code, the sentencing court may impose a community control sanction or a combination of community control sanctions instead of a prison term on an offender for a felony of the first or second degree or for a felony drug offense that is a violation of any provision of Chapter 2925., 3719., or 4729. of the Revised Code for which a presumption in favor of a prison term is specified as being applicable if it makes both of the following findings:**

**(a) A community control sanction or a combination of community control sanctions would adequately punish the offender and protect the public from future crime, because the applicable factors under section 2929.12 of the Revised Code indicating a lesser likelihood of recidivism outweigh the applicable factors under that section indicating a greater likelihood of recidivism.**

**(b) A community control sanction or a combination of community control sanctions would not demean the seriousness of the offense, because one or more factors under section 2929.12 of the Revised Code that indicate that the offender's conduct was less serious than conduct normally constituting the offense are applicable, and they outweigh the applicable factors under that section that**

**indicate that the offender's conduct was more serious than conduct normally constituting the offense.**

R.C. 2929.13.

{¶4} This court notes initially that Searles was convicted of three third degree felonies and one first degree felony and that all sentences are being served concurrently. Thus for there to be any prejudice, the trial court's sentence on the first degree felony would have to be in error. The statute provides that prison is the presumed correct sentence for a first degree felony. R.C. 2929.13(D). However, if the trial court finds that community control sanctions would be a more appropriate sentence, it can so order as long as it makes the findings pursuant to R.C. 2929.13(D)(2). No findings are required to impose the prison term under R.C. 2929.13(D)(1).

{¶5} Searles argues that the trial court's sentence was in error because the trial court did not properly consider the statutory factors and erred by determining that she was not amenable to community control.

> **The court hearing an appeal under division (A), (B), or (C) of this section shall review the record, including the findings underlying the sentence * * *. The appellate court may increase, reduce, or otherwise modify a sentence that is appealed under this section or may vacate the sentence and remand the matter to the sentencing court for resentencing. The appellate court's standard for review is not whether the sentencing court abused its discretion. The appellate court may take any action authorized by this division if it clearly and convincingly finds either of the following:**
>
> **a) That the record does not support the sentencing court's findings under division (B) or (D) of section 2929.13, division**

**2929.13(B)(2)(e) or (C)(4) of section 2929.14, or division (I) of section 2929.20 of the Revised Code, whichever, if any, is relevant;**

**b) That the sentence is otherwise contrary to law.**

R.C. 2953.08(G)(2). An appellate court may only modify or vacate a sentence if it finds by clear and convincing evidence that the record does not support the sentencing court's decision. *State v. Marcum*, 146 Ohio St.3d 516, 2016–Ohio–1002, 59 N.E.3d 1231, at ¶ 23. Clear and convincing evidence is that measure or degree of proof which is more than a mere "preponderance of the evidence," but does not require the certainty of "beyond a reasonable doubt." *Marcum*, at ¶ 22. Additionally, although a trial court is required to consider the purposes and principles of sentencing as set forth in R.C. 2929.11 and the statutory factors set forth in R.C. 2929.12, the trial court is not required to state on the record that it has done so or to discuss its conclusions based upon the consideration given. *State v. Vanmeter*, 3d Dist. Allen No. 1-18-18, 2018-Ohio-3528, ¶ 11. A statement by the trial court that it has considered the statutory factors is sufficient to fulfill the obligations. *Id*. The weight that is given each of the sentencing factors is left to the discretion of the trial court. *Id*. at ¶ 10.

{¶6} A review of the record shows that the trial court indicated at the sentencing hearing that the judge had reviewed the information in the presentence investigation report ("PSI") and had reviewed the sentencing factors set forth in R.C. 2929.11 and R.C. 2929.12. Tr. 50.

> **The Court has considered the record, oral statements, any victim impact statement, [and] the [PSI] * * *. The Court considered the purposes and principles of sentencing under R.C. 2929.11, the seriousness and recidivism factors relevant to the offense and offender pursuant to R.C. 2929.12, and the need for deterrence, incapacitation, rehabilitation and restitution. The Court is guided by the overriding purposes of felony sentencing, including protection of the public from future crime by the offender and others and punishment of the offender, using the minimum sanctions that the court determines accomplish those purposes without imposing an unnecessary burden on state or local government resources.**

Doc. 31 at 2. The PSI indicated that Searles lacked genuine remorse and that she had used her position of trust to steal the identity of her nephew. The PSI noted that "[a]lthough the offender does not have any recorded criminal history, she was involved in criminal acts for over 14 years. She obtained personal information from the victim while he resided with her in 2005." PSI at 35. The PSI then recommended that she receive a prison term of 36 months on each of the third degree felonies and eight years on the first degree felony. *Id.* It was further recommended in the PSI that the third degree felonies run concurrent to each other, but the that first degree felony would run consecutive to them for an aggregate prison term of 11 years. *Id.* In consideration of the sentencing factors set forth in R.C. 2929.12, the PSI indicated that while there were some factors which made the offense more serious, there were none that made the offense less serious. *Id.* at 37. The trial court at the sentencing hearing specifically noted that the victim was developmentally disabled and that the crimes took place for more than a decade. Tr. 43, 51. The

record before this court contains substantial evidence to support that the trial court met the statutory requirements by considering the purposes and principles of sentencing and the statutory sentencing factors.

{¶7} "A trial court's sentence will not be disturbed on appeal absent a defendant's showing by clear and convincing evidence that the sentence is unsupported by the record or otherwise contrary to law." *State v. Maggette*, 3d Dist. Seneca No. 13–16–06, 2016-Ohio-5554, ¶ 30, quoting *State v. Barrera*, 3d Dist. Putnam No. 12–12–01, 2012-Ohio-3196, ¶ 20. "A sentence is contrary to law if (1) the sentence falls outside the statutory range for the particular degree of offense, or (2) the trial court failed to consider the purposes and principles of felony sentencing set forth in R.C. 2929.11 and the sentencing factors set forth in R.C. 2929.12." *Maggette, supra*. In this case, the sentences imposed on all counts were within the statutory range of sentences. As set forth above, the record indicates that the trial court did consider the purposes and principles of felony sentencing and did consider the sentencing factors set forth in R.C. 2929.12. The weight to be given each of the factors is left to the broad discretion of the trial court. *Vanmeter, supra*. at ¶ 10. There is competent evidence in the record to support the conclusions of the trial court. The presumptive sentence on the first degree felony was a prison sentence, which the trial court imposed. Thus, the trial court was not required to set forth any reasons regarding whether community control sanctions would have been

appropriate under R.C 2929.13(D). For these reasons, the assignment of error is overruled.

{¶8} Having found no prejudicial error in the particulars assigned and argued, the judgment of the Court of Common Pleas of Van Wert County is affirmed.

*Judgment Affirmed*

**PRESTON and ZIMMERMAN, J.J., concur.**

**/hls**