[Cite as *State v. Bernhardt*, 2021-Ohio-4366.]

# IN THE COURT OF APPEALS OF OHIO
## THIRD APPELLATE DISTRICT
## VAN WERT COUNTY

STATE OF OHIO,

    PLAINTIFF-APPELLEE,                         CASE NO. 15-21-04

    v.

EUNICE BERNHARDT,                        O P I N I O N

    DEFENDANT-APPELLANT.

Appeal from Van Wert County Common Pleas Court
Trial Court No. 2017 CR 164

Judgment Affirmed

Date of Decision: December 13, 2021

APPEARANCES:

    *Tyler W. Dunham* for Appellant

    *Kelly J. Rauch* for Appellee

**SHAW, J.**

{¶1} Defendant-Appellant, Eunice Bernhardt ("Bernhardt"), appeals from a judgment of the Van Wert County Court of Common Pleas sentencing her to concurrent terms of imprisonment following a plea of guilty to three criminal charges.

*Relevant Facts and Procedural History*

{¶2} On August 6, 2020, Bernhardt was indicted in a twelve-count indictment on five counts of pandering obscenity involving a minor or impaired person in violation of R.C. 2907.321(A)(2) and (C), felonies of the second degree (Counts One to Five); five counts of pandering obscenity involving a minor or impaired person in violation of R.C. 2907.321(A)(6) and (C), felonies of the second degree (Counts Six to Ten); and two counts of pandering obscenity involving a minor or impaired person in violation of R.C. 2907.321(A)(5) and (C), felonies of the fourth degree (Counts Eleven and Twelve). On March 15, 2021, Bernhardt pled guilty to Counts One, Six, and Eleven in exchange for the State's agreement to dismiss all remaining counts. Before sentencing Bernhardt, the trial court ordered a presentence investigation ("PSI") report.

{¶3} Both parties filed sentencing memorandums prior to Bernhardt's sentencing hearing. At sentencing on April 20, 2021, defense counsel argued for imposition of "probation" by pointing to Bernhardt's lack of criminal activity and the letters of support for Bernhardt that the trial court had before it. The trial court heard from Bernhardt herself. The State responded by emphasizing the quantity of child pornography discovered on

Bernhardt's tablet computer and cell phone and the nature of the images. The trial court also had before it the PSI prepared by the Van Wert County Probation Department. This report concluded with a recommendation of prison. The trial court sentenced Bernhardt to an indefinite prison term of a minimum of six years to a maximum of nine years on Count One; an indefinite prison term of a minimum of four years to a maximum of six years on Count Six; and twelve months in prison on Count Eleven. The prison terms for these counts were ordered to be served concurrently. Bernhardt was classified as a Tier II sex offender.

{¶4} Bernhardt now appeals, raising the following assignment of error for review:

**THE TRIAL COURT ERRED BY FINDING THAT THE PRESUMPTION IN FAVOR OF A PRISON TERM HAD NOT BEEN OVERCOME, AND AS A RESULT IMPOSED A SENTENCE THAT IS CONTRARY TO LAW.**

{¶5} In her sole assignment of error, Bernhardt claims that the trial court's sentence is contrary to law because the record demonstrates that she was amenable to community control and, therefore, the trial court erred in finding that the presumption of a prison term was not overcome under R.C. 2929.13(D)(2).

{¶6} Division (D) of R.C. 2929.13 provides in relevant part:

**(1) [F]or a felony of the * * * second degree * * * it is presumed that a prison term is necessary in order to comply with the purposes and principles of sentencing under section 2929.11 of the Revised Code.* * ***

**(2) Notwithstanding the presumption established under division (D)(1) of this section * * * the sentencing court may impose a community control sanction or a combination of community control sanctions instead of a prison term on an offender for a felony of the * * * second**

**degree * * * for which a presumption in favor of a prison term is specified as being applicable if it makes both of the following findings:**

**(a)  A community control sanction or a combination of community control sanctions would adequately punish the offender and protect the public from future crime, because the applicable factors under section 2929.12 of the Revised Code indicating a lesser likelihood of recidivism outweigh the applicable factors under that section indicating a greater likelihood of recidivism.**

**(b)  A community control sanction or a combination of community control sanctions would not demean the seriousness of the offense, because one or more factors under section 2929.12 of the Revised Code that indicate that the offender's conduct was less serious than conduct normally constituting the offense are applicable, and they outweigh the applicable factors under that section that indicate that the offender's conduct was more serious than conduct normally constituting the offense.**

R.C. 2929.13(D).

{¶7}  Relying on R.C. 2929.13(D)(2), Bernhardt argues that the trial court did not properly consider and weigh the recidivism and seriousness factors to impose community control for her second degree felonies instead of the presumed prison term pursuant to R.C. 2929.13(D)(1).  A trial court must make both of the findings under R.C. 2929.13(D)(2) in order to overcome the presumption of a prison sentence.  *State v. Mathis*, 109 Ohio St.3d 54, 2006-Ohio-855, paragraph one of the syllabus.  However, "[n]o findings are required to impose the prison term under R.C. 2929.13(D)(1)."  *State v. Searles*, 3d Dist. Van Wert No. 15-19-05, 2020-Ohio-973, ¶ 4.  Additionally, when sentencing a defendant, a trial court is required to consider the purposes and principles of sentencing as set forth in R.C. 2929.11 and the statutory factors set forth in R.C. 2929.12.  *Id.* at ¶ 5.  Nevertheless, neither R.C.

2929.11 nor 2929.12 requires a trial court to make any specific factual findings on the record. *State v. Jones*, 163 Ohio St.3d 242, 2020-Ohio-6729, ¶ 20, citing *State v. Wilson*, 129 Ohio St.3d 214, 2011-Ohio-2669, ¶ 31; *State v. Arnett*, 88 Ohio St.3d 208, 215 (2000). Therefore, although the trial court must consider the factors, the court is not required to discuss its conclusions based upon the consideration given. *Searles* at ¶ 5, citing *State v. Vanmeter*, 3d Dist. Allen No. 1-18-18, 2018-Ohio-3528, ¶ 11.

{¶8} In this case, we note that the transcript of the sentencing hearing and the judgment entry demonstrate that the trial court considered the purposes and principles of sentencing in R.C. 2929.11, as well as the seriousness and recidivism factors pursuant to R.C. 2929.12. The trial court found that Bernhardt had no prior criminal record and it noted "positive things" about Bernhardt, such as that she has maintained employment and has provided numerous letters of support demonstrating goodwill in the community and providing help and care to her aunt. Additionally, the trial court also considered "more serious" factors contained in the PSI and specifically noted that: "The PSI reveals the pornography in this case is described as child and infant torture and not only was the pornography of child and infant torture imported into the State of Ohio but also then shared and distributed. Hundreds of images are involved in this matter." J.E. Sentence April 20, 2021, p. 3; *accord* April 20, 2021 Tr. at 52-53. Ultimately, the trial court found that Bernhardt was not amenable to community control and that prison was consistent with the purposes and principles of sentencing set forth in R.C. 2929.11.

{¶9} When reviewing a trial court's sentence, an appellate court may increase, reduce, or otherwise modify a sentence that is appealed or may vacate the sentence and remand the matter to the sentencing court for resentencing if it clearly and convincingly finds that the record does not support the sentencing court's findings under division (D) of section 2929.13 or the sentence is otherwise contrary to law. R.C. 2953.08(G)(2). A sentence is contrary to law if the sentence falls outside the statutory range for the particular degree of offense or if the trial court fails to consider the purposes and principles of felony sentencing set forth in R.C. 2929.11 and the sentencing factors set forth in R.C. 2929.12. *Searles* at ¶ 7; *State v. Maggette*, 3d Dist. Seneca No. 13-16-06, 2016-Ohio-5554, ¶ 30. The weight that is given to any one sentencing factor is left to the discretion of the trial court. *Searles* at ¶ 7, citing *Vanmeter* at ¶ 10; *see also* R.C. 2929.12(A). Moreover, an appellate court is not permitted "to independently weigh the evidence in the record and substitute its judgment for that of the trial court concerning the sentence that best reflects compliance with R.C. 2929.11 and 2929.12." *Jones* at ¶ 42.

{¶10} The trial court in this case followed the presumption in favor of a prison term and imposed a mid-range and a slightly higher than mid-range prison term on Bernhardt's second-degree felony convictions. Thus, the trial court was not required to set forth any reasons regarding whether community control sanctions would have been appropriate under R.C. 2929.13(D). *See Searles* at ¶ 7 (concluding that "the trial court was not required to set forth any reasons regarding whether community control sanctions would have been

appropriate under R.C. 2929.13(D)").  As set forth above, the record indicates the trial court did consider the purposes and principles of felony sentencing and did consider the sentencing factors set forth in R.C. 2929.12.  Accordingly, based upon the record before us, the trial court's decision to sentence Bernhardt to a presumed prison sentence is not clearly and convincingly contrary to law.

{¶11}  Bernhardt's assignment of error is overruled.

{¶12}  Having found no error prejudicial in the particulars assigned and argued, the judgment of the trial court is affirmed.

***Judgment Affirmed***

**WILLAMOWSKI, P.J., and ZIMMERMAN, J., concur.**

**/jlr**