[Cite as *State v. Wrasman*, 2019-Ohio-5299.]

# IN THE COURT OF APPEALS OF OHIO
## THIRD APPELLATE DISTRICT
## LOGAN COUNTY

STATE OF OHIO,

      PLAINTIFF-APPELLEE,                           CASE NO. 8-19-36

      v.

BENJAMIN R. WRASMAN,                O P I N I O N

      DEFENDANT-APPELLANT.

Appeal from Logan County Common Pleas Court
Trial Court No. CR 19 02 0054

**Judgment Affirmed**

**Date of Decision: December 23, 2019**

APPEARANCES:

    *Sean P. Martin* **for Appellant**

    *Alice Robinson-Bond* **for Appellee**

**ZIMMERMAN, P.J.**

{¶1} Defendant-appellant, Benjamin R. Wrasman ("Wrasman"), appeals the June 25, 2019 judgment entry of sentencing of the Logan County Court of Common Pleas. For the reasons that follow, we affirm.

{¶2} This case stems from an incident that occurred on February 8, 2019 at the Super 8 by Wyndham ("Super 8 hotel") in Bellefontaine, Ohio. Wrasman (under the influence of alcohol) entered the victim's hotel room and struck the victim, causing her injury. At the time of the incident, Wrasman and the victim were both guests of the Super 8 hotel.[1] As a result of the incident, Wrasman was indicted on one count of aggravated burglary in violation of R.C. 2911.11(A)(1), (B), a first-degree felony. (Doc. No. 2). On February 19, 2019, Wrasman appeared for arraignment and entered a plea of not guilty. (Doc. No. 11).

{¶3} On May 31, 2019, Wrasman withdrew his plea of not guilty, under a written plea agreement, and entered a guilty plea pursuant to *North Carolina v. Alford*, 400 U.S. 25, 91 S.Ct. 160 (1970) to the single count in the indictment. (Doc. No. 60). The trial court accepted Wrasman's guilty plea and ordered the preparation of a presentence investigation report ("PSI"). (*Id.*). Ultimately, the trial court sentenced Wrasman to 9 years in prison. (Doc. No. 63).

---

[1] The victim was accompanied by her toddler grandson (also a guest at the Super 8 hotel) who witnessed the incident. (PSI at 3).

{¶4} Wrasman filed his notice of appeal on July 8, 2019. (Doc. No. 76). He raises two assignments of error for our review which we will address separately.[2]

**Assignment of Error I**

**The Trial Court Sentenced the Appellant Without Regarding the Statement and Wishes of the Victim.**

{¶5} In his first assignment of error, Wrasman argues that the trial court erred by disregarding the victim-impact statement. In essence, he argues that the trial court erred by imposing a prison term that is unsupported by the record. We disagree.

*Standard of Review*

{¶6} Under R.C. 2953.08(G)(2), an appellate court will reverse a sentence "only if it determines by clear and convincing evidence that the record does not support the trial court's findings under relevant statutes or that the sentence is otherwise contrary to law." *State v. Marcum*, 146 Ohio St.3d 516, 2016-Ohio-1002, ¶ 1. Clear and convincing evidence is that "'which will produce in the mind of the trier of facts a firm belief or conviction as to the facts sought to be established.'" *Id.*

---

[2]Wrasman assignments of error in his "Table of Contents" and "Assignments of Error" sections of this brief are different than what is set out in the argument portion of his brief. (Appellant's Brief at 1, 4, 5, 7, 8); *See* App.R. 16(A)(3), (4), (6), (7). Taking into account that we are to determine appeals on the merits of the assignments of error set forth under App.R. 16, we will review the assignments of error as worded in the "Argument" portion of this brief and duplicated by the State in its brief. *Id.*; *Id.*; (Appellee's Brief at iii, 2-4); *See also* App.R. 12(A)(1)(b); Loc.R. 11; *State v. Echols*, 2d Dist. Montgomery Nos. 14373, 14457, 14460, 14637, 14639, and 14679, 1995 WL 118025 (Mar. 15, 1995), fn. 1 (concluding that because Taylor set forth no assignments of error and Taylor and the State's briefs were duplicative that it was appropriate to impute the State's assignments of error to Taylor).

at ¶ 22, quoting *Cross v. Ledford*, 161 Ohio St. 469 (1954), paragraph three of the syllabus.

*Analysis*

{¶7} "It is well-established that the statutes governing felony sentencing no longer require the trial court to make certain findings before imposing a maximum sentence." *State v. Maggette*, 3d Dist. Seneca No. 13-16-06, 2016-Ohio-5554, ¶ 29, citing *State v. Dixon*, 2d Dist. Clark No. 2015-CA-67, 2016-Ohio-2882, ¶ 14 ("Unlike consecutive sentences, the trial court was not required to make any particular 'findings' to justify maximum prison sentences.") and *State v. Hinton*, 8th Dist. Cuyahoga No. 102710, 2015-Ohio-4907, ¶ 9 ("The law no longer requires the trial court to make certain findings before imposing a maximum sentence."). Rather, "'trial courts have full discretion to impose any sentence within the statutory range.'" *State v. Smith*, 3d Dist. Seneca No. 13-15-17, 2015-Ohio-4225, ¶ 10, quoting *State v. Noble*, 3d Dist. Logan No. 8-14-06, 2014-Ohio-5485, ¶ 9, citing *State v. Saldana*, 3d Dist. Putnam No. 12-12-09, 2013-Ohio-1122, ¶ 20.

{¶8} In this case, as a first-degree felony, aggravated burglary, carries a non-mandatory sanction of 3-years to 11-years imprisonment. R.C. 2911.11(A)(1), (B); 2929.13(D) (2018) (current version at R.C. 2929.13(D) (2019)); 2929.14(A)(1) (2018) (current version at R.C. 2929.14(A)(1) (2019)). Because the trial court sentenced Wrasman to 9 years in prison, the trial court's sentence falls within the

statutory range. "[A] sentence imposed within the statutory range is 'presumptively valid' if the [trial] court considered applicable sentencing factors." *Maggette* at ¶ 31, quoting *State v. Collier*, 8th Dist. Cuyahoga No. 95572, 2011-Ohio-2791, ¶ 15.

{¶9} "R.C. 2929.11 provides, in pertinent part, that the 'overriding purposes of felony sentencing are to protect the public from future crime and to punish the offender.'" *Smith* at ¶ 10, quoting R.C. 2929.11(A). "In advancing these purposes, sentencing courts are instructed to 'consider the need for incapacitating the offender, deterring the offender and others from future crime, rehabilitating the offender, and making restitution to the victim of the offense, the public, or both.'" *Id.*, quoting R.C. 2929.11(A). "Meanwhile, R.C. 2929.11(B) states that felony sentences must be 'commensurate with and not demeaning to the seriousness of the offender's conduct and its impact upon the victim, and also be consistent with sentences imposed in similar cases." *Id.*, quoting R.C. 2929.11(B). "In accordance with these principles, the trial court must consider the factors set forth in R.C. 2929.12(B)-(E) relating to the seriousness of the offender's conduct and the likelihood of the offender's recidivism." *Id.*, citing R.C. 2929.12(A). "'A sentencing court has broad discretion to determine the relative weight to assign the sentencing factors in R.C. 2929.12." *Id.* at ¶ 15, quoting *State v. Brimacombe*, 195 Ohio App.3d 524, 2011-Ohio-5032, ¶ 18 (6th Dist.), citing *State v. Arnett*, 88 Ohio St.3d 208, 215 (2000).

{¶10} "Although the trial court must consider the purposes and principles of felony sentencing set forth in R.C. 2929.11 and the sentencing factors listed in R.C. 2929.12, the sentencing court is not required to 'state on the record that it considered the statutory criteria or discuss[ed] them.'" *Maggette* at ¶ 32, quoting *State v. Polick*, 101 Ohio App.3d 428, 431 (4th Dist.1995). "A trial court's statement that it considered the required statutory factors, without more, is sufficient to fulfill its obligations under the sentencing statutes." *Id.*, citing *State v. Abrams*, 8th Dist. Cuyahoga No. 103786, 2016-Ohio-4570, citing *State v. Payne*, 114 Ohio St.3d 502, 2007-Ohio-4642, ¶ 18.

{¶11} At Wrasman's sentencing hearing and in its sentencing entry, the trial court considered the R.C. 2929.11 and 2929.12 factors. (June 25, 2019 Tr. at 15); (Doc. No. 63). Specifically, the trial court considered "the purposes and principles of sentencing set forth in R.C. 2929.11," and in exercising its discretion, the trial court considered those factors "relating to the likelihood of the offender's recidivism" provided in division (D) as required by R.C. 2929.12(A) when the court considered the need to deter or incapacitate Wrasman. (June 25, 2019 Tr. at 16-17); (Doc. No. 63). R.C. 2929.12(A). In assessing whether Wrasman was likely to commit future crimes, the trial court balanced Wrasman's minimal, prior-criminal record against his pending charges in multiple counties. (June 25, 2019 Tr. at 6, 9, 12). R.C. 2929.12(D)(4), (E)(1), (E)(3). Moreover, the trial court pondered the

circumstances under which Wrasman committed the offense (an alcohol-induced-black out) ultimately finding that deterrence and rehabilitation for Wrasman would be futile, and that protection of the public was paramount. (June 25, 2019 Tr. at 14-17). R.C. 2929.12(A), (D)(4).

{¶12} The trial court did not find that any of the factors under R.C. 2929.12(B) or (C) applied regarding the seriousness of Wrasman's conduct.

{¶13} After weighing the recidivism factors, the trial court ultimately concluded that Wrasman failed to overcome the presumption in favor of prison.

{¶14} In our review of the record, the trial court's findings are clearly and convincingly supported by the record. We conclude that it was within the trial court's discretion to impose a prison sentence as "the most effective way to comply with the purposes and principles of sentencing set forth in section 2929.11 of the Revised Code." R.C. 2929.12(A). *See also* R.C. 2929.13(D). Accordingly, based on the foregoing, Wrasman's sentence is not clearly and convincingly contrary to law because it is within the permissible statutory range, the trial court properly considered the criteria found in R.C. 2929.11 and 2929.12. *See Maggette*, 2016-Ohio-5554, at ¶ 36.

{¶15} Accordingly, Wrasman's first assignment of error is overruled.

-7-

## Assignment of Error II

**Defense Counsel's Failure to Highlight the Discrepancy Between the Victim's Statement and the Trial Court's Statement Constituted Ineffective Assistance of Counsel.**

{¶16} In his second assignment of error, Wrasman argues that his counsel failed to draw attention to the divergence between the victim's in-court statements and those set forth in the victim-impact statement with the trial court's sentencing conclusion to not overcome the presumption in favor of prison. Specifically, Wrasman contends that his counsel's failure to characterize or emphasize the victim's oral-victim-impact statements to the trial court as "a request for mercy" was deficient and unreasonable, and thus prejudiced him. We disagree.

*Standard of Review*

{¶17} A defendant asserting a claim of ineffective assistance of counsel must establish: (1) the counsel's performance was deficient or unreasonable under the circumstances; and (2) the deficient performance prejudiced the defendant. *State v. Kole,* 92 Ohio St.3d 303, 306 (2001), citing *Strickland v. Washington,* 466 U.S. 668, 687, 104 S.Ct. 2052 (1984).

{¶18} In order to show counsel's conduct was deficient or unreasonable, the defendant must overcome the presumption that counsel provided competent representation and must show that counsel's actions were not trial strategies prompted by reasonable professional judgment. *Strickland,* 466 U.S. at 689.

Counsel is entitled to a strong presumption that all decisions fall within the wide range of reasonable professional assistance. *State v. Sallie*, 81 Ohio St.3d 673, 675 (1998). Tactical or strategic trial decisions, even if unsuccessful, do not generally constitute ineffective assistance. *State v. Frazier*, 61 Ohio St.3d 247, 255 (1991). Rather, the errors complained of must amount to "a substantial violation of counsel's essential duties to his client." *See State v. Bradley*, 42 Ohio St.3d 136, 141-142 (1989), quoting *State v. Lytle*, 48 Ohio St.2d 391, 396 (1976), *vacated on other grounds*, *Lytle v. Ohio*, 438 U.S. 910, 98 S.Ct. 3135 (1978). *Strickland*, 466 U.S. 668.

{¶19} Prejudice results when "'there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.'" *Bradley* at 142, quoting *Strickland* at 694. "'A reasonable probability is a probability sufficient to undermine confidence in the outcome.'" *Id.*, quoting *Strickland* at 694.

*Analysis*

{¶20} Initially, we address whether Wrasman's counsel's actions were deficient under the circumstances. Here, the victim submitted an oral-victim-impact statement (made in open court at the sentencing hearing) and a written-victim-impact statement (submitted to the trial court before the sentencing hearing).

{¶21} A victim of a crime has a right to address the trial court prior to imposition of sentence on the defendant under R.C. 2930.14(A). *State v. Taft*, 6th Dist. Huron No. H-18-003, 2019-Ohio-1565, ¶ 53. This statement can be made in-person, through a representative, and in-writing. *Id.*, citing R.C. 2930.14(A), 2929.19(A). If the victim chooses to make a statement at the sentencing hearing, the trial court is required to consider the victim's statement along with all other sentencing considerations before imposing its sentence on the defendant. *Id.*, citing R.C. 2930.14(B), 2929.19(B)(1). *See also* R.C. 2929.11, 2929.12, 2929.13, 2930.13, 2947.051(A).

{¶22} We now turn to Wrasman's argument that the oral-victim-impact statement was a "request for mercy," and put more plainly, a request to impose "a non-prison sentence." (Appellant's Brief at 9). Contrary to this assertion, even though the victim expressed her personal desire to "forgive" Wrasman, she never proposed that the trial court forgo a prison term. (June 25, 2019 Tr. at 8); (*See* VIS at 1). Rather, the victim urged the trial court to explore all available sentencing alternatives "to get help for him." (June 25, 2019 Tr. at 8). Importantly, the victim conveyed her fear of retribution (based on the "violent and brutal attack") should Wrasman receive more jail time or prison time because of her statements. (VIS at 1-2).

**{¶23}** The record reveals that after the victim presented her oral-victim-impact statement, the trial court gave Wrasman and counsel the opportunity to address the trial court regarding any factual inaccuracies. (June 25, 2019 Tr. at 14). Wrasman noted *only* a discrepancy in the length of his period of sobriety with no mention of the victim's in-court statements. (*Id.*). However, the decision of Wrasman's counsel to not call attention to the victim's "request" was not necessary since the victim's statements were already in the record. Further, there is no indication in the record that the trial court needed to be reminded of what the victim requested. Accordingly, we cannot conclude that counsel's performance was deficient under the "performance" prong of the *Strickland* standard under the facts presented.

**{¶24}** Nonetheless, and on appeal, Wrasman has failed to show us how he was prejudiced by his counsel's alleged deficiency. It is Wrasman's duty, in an ineffective-assistance-of-counsel claim, to not only affirmatively represent the facts and reasons how his counsel was deficient, but to also show how the deficiency was prejudicial. After a review of the record, we are not able to see how Wrasman's counsel's purported deficiency prejudiced his case. Specifically, under Wrasman's contention he must demonstrate that had his counsel characterized or emphasized the oral-victim-impact statement as "a request for mercy" the sentence of the trial

-11-

court would have been different.  Thus, under the facts presented there has been a complete failure to satisfy the "prejudice" prong of the *Strickland* standard.

{¶25} Accordingly, Wrasman's second assignment of error is overruled.

{¶26} Having found no error prejudicial to the appellant herein in the particulars assigned and argued, we affirm the judgment of the trial court.

*Judgment Affirmed*

**SHAW and PRESTON, J.J., concur.**

**/jlr**