[Cite as *State v. Burk*, 2021-Ohio-431.]

# IN THE COURT OF APPEALS OF OHIO
## THIRD APPELLATE DISTRICT
## LOGAN COUNTY

STATE OF OHIO,

      PLAINTIFF-APPELLEE,                   CASE NO. 8-20-31

      v.

STEPHANIE L. IRWIN, NKA,
STEPHANIE L. BURK,                    O P I N I O N

      DEFENDANT-APPELLANT.

STATE OF OHIO,

      PLAINTIFF-APPELLEE,                   CASE NO. 8-20-32

      v.

STEPHANIE L. IRWIN, NKA,
STEPHANIE L. BURK,                    O P I N I O N

      DEFENDANT-APPELLANT.

Appeals from Logan County Common Pleas Court
Trial Court Nos. CR 14 12 0262 and CR 16 12 0359

**Judgments Affirmed**

Date of Decision: February 16, 2021

APPEARANCES:

    *William T. Cramer* for Appellant

    *Eric C. Stewart* for Appellee

**SHAW, J.**

{¶1} Defendant-appellant, Stephanie Burk NKA Irwin ("Burk"), brings these appeals from the June 2, 2020 judgments of the Logan County Common Pleas Court revoking her community control in trial court cases 14-12-0262 and 16-12-0359 and sentencing her to an aggregate 36-month prison term. On appeal, Burk argues that her sentence was clearly and convincingly contrary to law.

*Background*

{¶2} On March 5, 2015, Burk was indicted in Logan County trial court case 14-12-0262 for Possession of Heroin in violation of R.C. 2925.11(A), a felony of the fifth degree. Burk pled guilty to the charge and she was sentenced to five years of community control. The trial court reserved a 12-month prison term in the event that Burk was found in violation of her community control and the trial court elected to revoke her community control.

{¶3} Over the next several years the State filed numerous show-cause motions, seeking to have Burk establish why she should not be found in violation of her community control for various drug issues including, *inter alia*, attempting to purchase crack cocaine and attempting to alter a drug screen at the Logan County Jail. Burk admitted to violating her community control on August 10, 2015, and on January 30, 2017. Both times her community control in trial court case 14-12-0262

was continued; however, the trial court sent her to West Central Community Correctional Facility as part of her community control sanctions.

{¶4} Meanwhile, on February 14, 2017, Burk was indicted in trial court case 16-12-0359 for three counts of Trafficking in Cocaine in violation of R.C. 2925.03(A)(1), all felonies of the fifth degree. The trafficking offenses allegedly occurred on three separate dates: October 19, 2016, October 25, 2016, and December 7, 2016. Pursuant to a written plea agreement, Burk pled guilty to two of the charges and the third charge was dismissed. Burk was sentenced to five years of community control, with 12-month prison terms reserved for each of the trafficking convictions in the event that Burk violated her community control and her community control was revoked.[1] The trial court also notified Burk that if the prison terms were invoked, they would be served consecutively.

{¶5} On January 24, 2020, the State filed motions to revoke Burk's community control in both trial court cases after she tested positive for heroin, cocaine, suboxone, and THC. The incident wherein she tested positive for drugs also involved Burk overdosing, having to be revived by Narcan. Burk admitted to violating her community control; nevertheless, the trial court continued Burk's community control, adding conditions that she obtain a mental health assessment, and participate in a "Vivitrol Program."

---

[1] As part of her community control sanctions, Burk was ordered to attend 90 AA/NA in 90 days.

{¶6} On May 13, 2020, the State again filed motions to revoke Burk's community control in both trial court cases after Burk tested positive for fentanyl and cocaine. She had also purportedly overdosed again, having to be revived by Narcan. A hearing was held on June 2, 2020, wherein Burk admitted to violating her community control sanctions.

{¶7} Burk's probation officer made a statement at the hearing, providing an extensive background of everything the trial court and the probation department had done to try to keep Burk away from drugs.

> **We have provided her with medically-assisted treatment, we provided her with West Central, we provided her with the MonDay Program * * * on another case, we provided her with Community Health and Wellness, we provided her with Adult Recovery Court, and we provided her with the PIP program which we now know as JRIG.**
>
> **We provided her with Consolidated Care. We've provided her with Vivitrol, and she was – she was in the 90 for 90 program. * * ***
>
> **Now, so since 2015, she's – she was sentenced on one new case and now possibly have [sic] two new indictments coming through.**
>
> **\* \* \***
>
> **\* \* \* This has been a lifelong process with her. The concern is she's going to kill herself and/or she's trying to kill herself, and I don't want it to be on my watch. I've – I've tried and done everything I can to help her, I think the Court has. I think we've reached a point of maximum benefit here. The defendant either has a death wish or doesn't know how to help herself.**

> **She's at the bottom of the barrel now, and I don't know how we help her anymore than we put her somewhere where she can be behind bars and think about what she's got. She can also get mental health treatment at a correctional facility. I mean, the State of Ohio has wonderful mental health facilities within them. I just – that's where I'm at, Your Honor. I don't – there's nothing left we have to give her that we haven't already tried.**

(Tr. at 9-11).

{¶8} Burk then made a statement on her own behalf at the hearing that in addition to her drug problem she also had mental health issues. She requested that the trial court send her to a facility to get both mental health and drug treatment rather than send her to prison.

{¶9} The trial court then stated that this was a "very sad case" and that the probation officer had gone "above and beyond the call of duty." (Tr. at 14). The trial court stated it considered the statements, the record, and letters Burk had written to the court, as well as the principles and purposes of sentencing contained in R.C. 2929.11 and R.C. 2929.12. Ultimately the trial court determined that Burk's community control should be revoked and that the reserved prison terms should be imposed in both trial court cases, consecutive to each other, for an aggregate 36-month prison term. Judgment entries memorializing Burk's sentence were filed June 2, 2020. Burk now brings these appeals, asserting the following assignments of error for our review.

**Assignment of Error No. 1**
**By clear and convincing evidence, the record does not support the**
**imposition of maximum sentences.**

**Assignment of Error No. 2**
**By clear and convincing evidence, the record does not support the**
**imposition of consecutive sentences.**

{¶10} In her first assignment of error, Burk argues that her maximum 12-month prison terms on each of her three convictions were clearly and convincingly contrary to law.

Standard of Review

{¶11} Under R.C. 2953.08(G)(2), an appellate court will reverse a sentence "only if it determines by clear and convincing evidence that the record does not support the trial court's findings under relevant statutes or that the sentence is otherwise contrary to law." *State v. Marcum*, 146 Ohio St.3d 516, 2016-Ohio-1002, ¶ 1. Clear and convincing evidence is that " 'which will produce in the mind of the trier of facts a firm belief or conviction as to the facts sought to be established.' " *Id*. at ¶ 22, quoting *Cross v. Ledford*, 161 Ohio St. 469 (1954), paragraph three of the syllabus.

Relevant Authority

{¶12} " 'The trial court has full discretion to impose any sentence within the authorized statutory range, and the court is not required to make any findings or give its reasons for imposing maximum or more than [a] minimum sentence[ ].' " *State*

*v. Castle*, 2d Dist. Clark No. 2016-CA-16, 2016-Ohio-4974, ¶ 26, quoting *State v. King*, 2d Dist. Clark No. 2012-CA-25, 2013-Ohio-2021, ¶ 45; *State v. White*, 3d Dist. Marion No. 9-19-32, 2020-Ohio-717, ¶ 8. Nevertheless, when exercising its sentencing discretion, a trial court must consider the statutory policies that apply to every felony offense, including those set out in R.C. 2929.11 and R.C. 2929.12. *State v. Kerns*, 3d Dist. Logan No. 8-18-05, 2018-Ohio-3838, ¶ 8, citing *State v. Mathis*, 109 Ohio St.3d 54, 2006-Ohio-855, ¶ 38.

{¶13} Revised Code 2929.11 provides that sentences for a felony shall be guided by the overriding purposes of felony sentencing: "to protect the public from future crime by the offender and others, to punish the offender, and to promote the effective rehabilitation of the offender using the minimum sanctions that the court determines accomplish those purposes without imposing an unnecessary burden on state or local government resources." R.C. 2929.11(A). In order to comply with those purposes and principles, R.C. 2929.12 instructs a trial court to consider various factors set forth in the statute relating to the seriousness of the offender's conduct and to the likelihood of the offender's recidivism. R.C. 2929.12(A)-(E).

Analysis

{¶14} In this case, Burk was convicted of three fifth degree felonies. One of the felonies arose from a case in 2015, and the other two felonies arose from a case in 2017. Burk was originally placed on community control for all of the offenses.

Nevertheless, the trial court reserved 12-month prison terms to be imposed in the event that Burk violated her community control and the trial court elected to revoke her community control. Pursuant to R.C. 2929.14(A)(5), a prison term for a felony of the fifth degree, if it is imposed, "shall be a definite term of six, seven, eight, nine, ten, eleven, or twelve months." Thus the reserved prison terms were within the appropriate statutory range, which means the sentences are presumptively valid. *State v. Wrasman*, 3d Dist. Logan No. 8-19-36, 2019-Ohio-5299, ¶ 8; *State v. Sanders*, 3d Dist. Auglaize No. 2-19-13, 2020-Ohio-3506, ¶ 18, *appeal not allowed*, 160 Ohio St.3d 1440, 2020-Ohio-4983, ¶ 18.

{¶15} Moreover, a trial court is required to consider the purposes and principles of felony sentencing set forth in R.C. 2929.11 and the sentencing factors listed in R.C. 2929.12. In this case, the trial court specifically stated that it had considered the requisite statutes in its analysis when it revoked Burk's community control. A trial court's statement that it considered the required statutory factors, without more, is sufficient to fulfill its obligations under the sentencing statutes. *State v. Abrams*, 8th Dist. Cuyahoga No. 103786, 2016-Ohio-4570, citing *State v. Payne*, 114 Ohio St.3d 502, 2007-Ohio-4642, ¶ 18. In other words, a sentencing court is not required to "state on the record that it considered the statutory criteria or discuss them." *State v. Maggette*, 3d Dist. Seneca No. 13-16-06, 2016-Ohio-5554, ¶ 32, quoting *State v. Polick*, 101 Ohio App.3d 428, 431 (4th Dist.1995).

{¶16} By all accounts in this case, the trial court considered the appropriate statutory factors. The prison sentences were within the appropriate statutory range, rendering it presumptively valid. Burk has not established by clear and convincing evidence how her sentence was contrary to law. This is particularly true given the abundant services that had been provided to Burk while she was on community control. Despite the use of these services, Burk continued to violate her community control until the trial court felt it had no choice but to impose the reserved prison terms. For all of these reasons, Burk's first assignment of error is overruled.

*Second Assignment of Error*

{¶17} In her second assignment of error, Burk contends that the record in this matter does not support the imposition of consecutive sentences.

Relevant Authority[2]

{¶18} Pursuant to R.C. 2929.14(C)(4), in order to impose consecutive sentences, a trial court must find on the record that consecutive sentences are "necessary to protect the public from future crime or to punish the offender and that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public." *Accord State v. Grate*, --- Ohio St.3d ---, 2020-Ohio-5584, ¶ 205. A trial court must then also find that at

---

[2] The same standard of review from the previous assignment of error is applicable here.

least one or more of the aggravating factors in R.C. 2929.14(C)(4)(a) through (c) are present.

{¶19} In *State v. Bonnell*, 140 Ohio St.3d 209, 2014-Ohio-3177, ¶ 37, the Supreme Court of Ohio held that a trial court must make the requisite statutory findings before imposing consecutive sentences "at the sentencing hearing and incorporate its findings into its sentencing entry, but it has no obligation to state reasons to support its findings."

Analysis

{¶20} After revoking Burk's community control in both cases, the trial court imposed the reserved prison sentences and ordered them to be served consecutively. The trial court found

> **that consecutive sentences are necessary to protect the public from future crime and to punish the defendant and that consecutive sentences are not disproportionate to the seriousness of the defendant's conduct and the danger the defendant poses to the public. The Court further finds the defendant's history of criminal conduct demonstrates consecutive sentences are necessary to protect the public from future crime by the defendant.**

(Tr. at 17). The trial court's findings were incorporated into the judgment entry in trial court case 16-12-0359, wherein the consecutive sentences were imposed.

{¶21} The trial court thus facially complied with its responsibilities under R.C. 2929.14(C)(4), including finding an aggravating factor, specifically (C)(4)(c). As the Supreme Court of Ohio determined in *Bonnell*, *supra*, the trial court was not

-10-

required to state its reasoning supporting consecutive sentences. Nevertheless, the record reflects ongoing periods of repeated drug and criminal activity perpetrated by Burk, which supports the trial court's consecutive sentence findings. For all of these reasons, Burk's second assignment of error is overruled.

*Conclusion*

{¶22} For the foregoing reasons Burk's assignments of error are overruled and the judgments of the Logan County Common Pleas Court are affirmed.

***Judgments Affirmed***

**WILLAMOWSKI, P.J., concurs in Judgment Only.**

**ZIMMERMAN, J., concurs.**

**/jlr**